ROBERTA PLUNKETT, APPELLANT, *v.* MARVIN K. PLUNKETT, RESPONDENT.

No. 3826

May 4, 1955.                                        283 P.2d 225.

See also 70 Nev. 553, 277 P.2d 380.

*Robert L. Gifford*, of Las Vegas, for Appellant.

*Morse, Graves & Compton*, of Las Vegas, for Respondent.

## OPINION

By the Court, EATHER, J.:

This is an action for divorce brought by respondent husband against appellant wife. The trial judge refused a divorce to the husband but granted one to the wife. Aggrieved by this unwelcome grant of relief the wife has taken this appeal.

She contends that the court was without jurisdiction to grant a divorce to either party for the reason that neither party was domiciled in this state at the time of the suit. The court found that the husband was an actual bona fide resident and domiciliary of this state for the statutory period prior to suit. The wife contends that this finding is not supported by the record.

This finding was based upon the following: (1) residence of the parties in Clark County for a period of approximately eight months in 1941, which residence was terminated by induction of the husband into military service, which service was continued to date; (2) the husband's testimony that he left Nevada to enter military service with the intent of returning to make his home in this state as soon as termination of his service permitted; that this intention has remained with him

ever since. The husband contends that with this support for the finding, under our established practice we must refuse to disturb it.

There is no denial of the physical presence of the parties within the state in 1941. The issue is as to the husband's residential intent for the ensuing twelve years prior to suit. Upon this issue the facts overwhelm and completely destroy the evidentiary value of the husband's testimony as to intent.

In the first place it is (at least) neutralized by sworn statements made by the husband in 1951 and 1952, in connection with an unsuccessful suit for divorce brought by him in Colorado, to the effect that he was then a bona fide resident of that state. His wife's affidavit confirmed this. As between these conflicting statements of intent, both made under oath, the undisputed facts leave no room for doubt. Clearly the Nevada residence (if it ever existed as domicil), was abandoned for a Colorado residence.

The parties were raised in Colorado. They were married in Colorado. Their first matrimonial domicil was in that state. Their eight-month sojourn in Nevada was for the purpose of completing a job of construction at Henderson, just as they had in the past frequently moved from place to place for respondent's work on construction projects. When it was completed the husband enlisted as a draft registrant from Colorado. For a while the parties lived together on various posts but later the wife returned to Colorado. Thereafter whenever furlough permitted the husband returned to Colorado. The parties bought a home in Denver; cars were bought and licensed in Colorado. Never did the parties return to Nevada. Never since 1941 did they maintain a home or own home property there. Never did the husband evidence the slightest interest in this state until the Colorado divorce resulted unsuccessfully.

We conclude that the finding of Nevada residence is without support and the court without jurisdiction to

grant divorce to either party. Barber v. Barber, 47 Nev. 377, 222 P. 284, 39 A.L.R. 706.

Reversed with costs and remanded with instructions that the action be dismissed.

MERRILL, C. J., and BADT, J., concur.