JAMES E. BOISEN, APPELLANT, *v.* KATHY M. BOISEN, RESPONDENT.

No. 5641

March 7, 1969                                                451 P.2d 363

*Diehl, Recanzone & Evans,* of Fallon, for Appellant.

*Roland W. Belanger,* of Lovelock, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Appellant husband appeals from a judgment granting his wife a divorce based on extreme cruelty although the husband counterclaimed charging her with adultery. Custody of their 18-month-old child was awarded to the wife together with $50.00 per month for child support.

The parties were married in Wisconsin on May 28, 1966. They lived together in a rented house in Wisconsin until January 1967. When he went to Kentucky for four months for National Guard exercises she lived with her parents and their other 15 children. When he returned they lived with his parents and nine brothers and sisters. The wife repeatedly told the husband to get a place of their own or else she was getting out because the interference of his family in the care of the baby was too much for her. Apparently the couple differed repeatedly and often. He insisted they stay so that they could save money.

On June 21, 1967 without prior announcement she went to California with a married man and his daughter and after a brief stay there they arrived at Lovelock, Nevada. There they lived in separate apartments which were located in close proximity.

The district court found that the husband's refusal to move his wife from his parents' home constituted a threat to the wife's health; that this was sufficient to establish the grounds of extreme cruelty; further, that the child would be better off with the mother than with the grandparents and numerous teenage aunts and uncles. The district court also found that the wife had not committed adultery.

1. On appeal the husband claims that the district court did not have jurisdiction to grant the wife a divorce. He contends that she did not testify that she intended to remain a resident of Nevada for at least an indefinite period when she came to Nevada and that therefore the intent which must accompany presence to establish bona fide residence was not proven. See Aldabe v. Aldabe, 84 Nev. 392, 441 P.2d 691 (1968), and cases cited therein.

It is well-settled that "[b]oth . . . residence and . . . intent, however, were factual matters for the court's determination to like extent as any other matters of fact." Moore v. Moore, 75 Nev. 189, 192, 336 P.2d 1073, 1074 (1959). See also Baker v. Baker, 76 Nev. 127, 350 P.2d 140 (1960); Covington v. Second Judicial Dist. Ct., 56 Nev. 313, 50 P.2d 517 (1935); Drespel v. Drespel, 56 Nev. 368, 45 P.2d 792 (1935). The wife testified that she left Wisconsin to go to Nevada because she wanted to get a divorce, that at the time of the trial she intended to stay here an indefinite period of time, and that she was physically present at her Nevada residence from September 1, 1967 to March 4, 1968, the day of the trial. This evidence was sufficiently substantial to support the wife's allegation of bona fide residency in her complaint and the district court's finding of bona fide residence. Sutherland v. Sutherland, 75 Nev. 304, 340 P.2d 581 (1959); Wilson v. Wilson, 66 Nev. 405, 212 P.2d 1066 (1949); Walker v. Walker, 45 Nev. 105, 198 P. 433 (1921); cf. Plunkett v. Plunkett, 71 Nev. 159, 283 P.2d 225 (1955); Blouin v. Blouin, 67 Nev. 314, 218 P.2d 937 (1950); Annot., 159 A.L.R. 496, 505 (1945); Annot., 106 A.L.R. 6, 26 (1937). Her omission of the customary self-serving answer at the trial that her intention was to make Nevada her permanent home when she arrived here is not necessarily fatal to jurisdiction with the presence of the physical facts that evidenced such intention.

We also note that at no time before appeal except in his answering pleadings did the husband contest the assertion of jurisdiction by the wife. At trial he did not controvert her proof of residence. When the woman from whom the wife rented her apartment in Lovelock testified that in her opinion the wife was a bona fide resident of Nevada, this was not objected to as being an inadmissible opinion or a conclusion of law. In addition, the husband counterclaimed for a divorce asserting his claim assuming the jurisdiction of the court over his wife as a resident. While the husband was permitted to plead in the alternative, NRCP 8, his assertion of jurisdiction by the counterclaim coupled with his complete acquiescence in the wife's claim to jurisdiction at trial estopped him from raising the issue for the first time on appeal. Grant v. Grant, 38 Nev. 185, 147 P. 451 (1915).

Accordingly we hold that the district court's finding was supported by substantial evidence and that in any event the

husband was estopped from raising the issue for the first time on appeal.

2. The district court found from conflicting testimony that the wife had not committed adultery. The evidence supporting the court's finding was substantial and we therefore will not disturb it.

3. The district court had the alternative of awarding the custody of the baby to the father who would make the baby live with grandparents and several other of their children or to leave it with the mother on whose behalf several witnesses testified regarding the mother's tender care of and devotion to the child. Although the conduct of the mother in driving across the country with another man is suspect, the court's award of custody to the mother was grounded on substantial evidence and with good reason which we will not disturb.

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.