LOUIS BAER AND BAER RANCHES, INC., APPELLANTS, *v.* AMOS J. WALKER, INC., RESPONDENT.

No. 5689

April 8, 1969          452 P.2d 916

*Nelson, Bull & Hickey,* of Reno, for Appellants.

*Stewart & Horton,* of Reno, for Respondent.

# OPINION

By the Court, Zenoff, J.:

This is an appeal from a judgment rendered in a suit to compel payment of a $5,000 promissory note by Louis Baer, individually, and by Baer Ranches, Inc., as Baer's alter ego. Baer claimed that someone forged his signature on the note. The case was tried without a jury. The trial court found the signature on the note to be authentic.

1. Appellants requested a continuance at the time set for trial. The trial court denied it. It appeared that appellants' counsel was retained only three days before trial and he requested additional time to prepare. Under even more exigent circumstances we have held that it was within the trial court's discretion to refuse a continuance. Benson v. Benson, 66 Nev. 94, 204 P.2d 316 (1949). In any event, no affidavit was filed in support of the motion for continuance, and therefore appellants have no standing to attack the district court's discretionary ruling. Piazza v. Reid, 83 Nev. 123, 424 P.2d 413 (1967).

2. Appellants contend that there is no evidence to support the district court's finding that Baer Ranches, Inc., was Baer's alter ego. We agree.

The corporate cloak is not lightly thrown aside. Nevada Tax Comm'n v. Hicks, 73 Nev. 115, 310 P.2d 852 (1957). However, adherence to the fiction of a separate entity must not sanction a fraud or promote injustice. McCleary Cattle Co. v. Sewell, 73 Nev. 279, 317 P.2d 957 (1957). Baer transferred all of his personal assets to the corporation in 1956. He received in return 50 percent of the corporation's common stock while his wife received the other 50 percent. Thereafter they made annual gifts of the stock to their children, ostensibly to deplete their estates in order to reduce the federal estate tax. In 1959 Baer divorced his wife and she received all of his stock. In 1960 they remarried and she conveyed the entirety of her stock to the corporation in exchange for a residence

owned by the corporation. After this transaction in 1960, only Baer's children owned stock in the corporation. Baer had no control over the corporation after 1960 except what was given to him by a management contract which was subject to the supervision of the corporation's board of directors composed of his three adult children who were also the sole stockholders in the corporation.

We fail to find any evidence of fraud or injustice. Baer relinquished legal control over the corporation seven years before the note in issue was signed. There is no proof that Baer had actual control. This situation is distinguishable from the usual case in which a stockholder or officer is sought to be held liable for his corporation's debts. 1 W. Fletcher, Private Corporations § 41.3 at 193 (Rev. Vol. 1963). Here the corporation is sought to be held liable for a manager's debts. There is no proof that the credit of the corporation was relied upon by the respondent. Therefore, we hold that there is insufficient proof that Baer Ranches, Inc., was Baer's alter ego.

3. Respondent at oral argument asked for a dismissal of the appeal because of appellants' failure to observe certain rules of this court. He relies on Pyramid Motor Freight Corp. v. Ispass, 330 U.S. 695 (1947). Whether this court will overlook a breach of its procedural rules is within its discretion. Pyramid Motor Freight Corp. v. Ispass, supra, is not persuasive otherwise. We decline to dismiss. Respondent has suffered no prejudice because of appellants' alleged error.

Other issues raised are clearly without merit.

The judgment of the district court holding Baer Ranches, Inc., liable for Baer's debts is reversed. In all other respects the judgment is affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.