CHARLOTTE M. WOODRUFF, Appellant, *v.*
WILLIAM E. WOODRUFF, Respondent.

No. 8930

January 9, 1978                                    573 P.2d 206

*Robert A. Grayson,* Carson City, for Appellant.

*Manoukian, Scarpello & Alling, Ltd.,* Carson City, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

After the trial court entered judgment dissolving the parties' marriage and distributing their community property, appellant Charlotte M. Woodruff appealed contending the district court (1) lacked jurisdiction, (2) abused its discretion by denying a continuance, (3) made improper rulings with respect to property distribution and attorneys' fees, and (4) erred in refusing evidence to support an award of alimony. Appellant's last contention has merit and necessitates further proceedings.

1. Appellant first contends the trial court lacked jurisdiction to grant the divorce because respondent failed to satisfy

the residency requirement of NRS 125.020.[1] The question of plaintiff's residence in a divorce action is one of fact to be determined by the trial court. *See* Boisen v. Boisen, 85 Nev. 122, 124, 451 P.2d 363, 364 (1969); Moore v. Moore, 75 Nev. 189, 192, 336 P.2d 1073, 1074 (1959). Here, there is substantial evidence to support the district court's finding of respondent's bona fide residence. Boisen v. Boisen, cited above; Baker v. Baker, 76 Nev. 127, 130, 350 P.2d 140, 141 (1960).

2. Appellant next contends the trial court abused its discretion by denying an oral motion for continuance. Appellant may not attack the district court's ruling since no affidavit was filed to support her motion. DCR 21; Baer v. Amos, 85 Nev. 219, 452 P.2d 916 (1969); Piazza v. Reid, 83 Nev. 123, 424 P.2d 413 (1967).

3. Appellant also complains the court improperly distributed the property and denied attorneys' fees. We believe the distribution of the property fair and equitable, NRS 125.150; Armour v. Armour, 93 Nev. 63, 560 P.2d 148 (1977); Jolley v. Jolley, 92 Nev. 298, 549 P.2d 1407 (1976); Fletcher v. Fletcher, 89 Nev. 540, 542, 516 P.2d 103, 104 (1973); and perceive no abuse of discretion in ordering the parties to bear their own costs. Fletcher v. Fletcher, 89 Nev. at 542–543, 516 P.2d at 104.

4. Finally, appellant urges that the district court erred in excluding evidence to support an award of alimony. It appears that the court believed alimony must be specially pleaded, and rejected as untimely appellant's request to amend the pleadings in accord with such view of the law.

In other jurisdictions, alimony is incidental to a divorce and need not be specifically pleaded. *Cf.* Mitchell v. Mitchell, 264 P.2d 673 (N.M. 1953); Stephens v. Stephens, 311 P.2d 241, 244 (Okla. 1957); Nelson v. Nelson, 182 P.2d 416, 419 (Or. 1947); Cochrum v. Cochrum, 328 P.2d 1000, 1004 (Cal.App. 1958); Mose v. Mose, 480 P.2d 517, 520 (Wash.App. 1971). Interpretation of our law leads to a similar conclusion.

NRCP 9 lists matters which must be specially pleaded, but alimony is not among them. Under NRS 125.150, attorneys' fees in divorce actions must either be sought by motion, or a

---

[1]NRS 125.020(1)(e) provides: "Divorce from the bonds of matrimony may be obtained. . . . If plaintiff shall have resided 6 weeks in the state before suit be brought."

request therefor placed in issue by the pleadings.[2] However, the same statute creates no such requirement as to alimony, but rather unqualifiedly vests district courts with authority to grant alimony to either spouse "in granting a divorce."[3]

Since we accordingly conclude alimony is incidental to a divorce and need not be pleaded, the court erred by not permitting evidence on the matter. The decision to grant such an award is, of course, within the discretion of the district court. NRS 125.150(1); Fletcher v. Fletcher, 89 Nev. at 542, 516 P.2d at 1004.

Remanded for further proceedings.

THOMPSON and MOWBRAY, JJ., and YOUNG, D. J.,[4] and HOYT, D. J.,[5] concur.

---

[2]NRS 125.150(2) provides:

"Whether or not application for suit money has been made under the provisions of NRS 125.040, the court may award a reasonable attorney's fee to either party to an action for divorce if attorneys' fees are in issue under the pleadings."

[3]NRS 125.150(1) provides:

"In granting a divorce, the court may award such alimony to the wife, or to the husband if he is disabled or unable to provide for himself, in a specified principal sum or as specified periodic payments, and shall make such disposition of the community property of the parties, as appears just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens, if any, imposed upon it, for the benefit of the children."

[4]CHIEF JUSTICE BATJER voluntarily disqualified himself and took no part in this decision. The Governor, pursuant to Art. 6, § 4 of the Constitution, designated District Judge Llewellyn Young to sit in his stead.

[5]JUSTICE MANOUKIAN disqualified himself, and the Governor designated District Judge Merlyn Hoyt to sit in his stead.