MANGUBEN A. PATEL, Appellant, *v.* ATMARAM K. PATEL, Respondent.

No. 10414

January 14, 1980                                         604 P.2d 816

*Fry and Fry,* Reno, for Appellant.

*Joseph J. Kay,* Reno, for Respondent.

## OPINION

*Per Curiam:*

The trial court entered judgment dissolving the parties' marriage and providing for other relief. Appellant Manguben A. Patel has appealed, contending that the district court lacked jurisdiction and made improper rulings regarding child support payments. Appellant further contends that the grounds for divorce were not proved.

Appellant first submits that the trial court lacked jurisdiction to grant the divorce, alleging that respondent failed to satisfy the residency requirement of NRS 125.020.[1] The question of plaintiff's residence in a divorce action is one of fact to be determined by the trial court. Woodruff v. Woodruff, 94 Nev. 1, 573 P.2d 206 (1978). *See* Boisen v. Boisen, 85 Nev. 122, 451 P.2d 363 (1969). Here, there is substantial evidence to support the district court's finding of respondent's bona fide residence.

---

[1]NRS 125.020(1)(e) provides:

"Divorce from the bonds of matrimony may be obtained . . . [i]f plaintiff shall have resided 6 weeks in the state before suit be brought."

Woodruff v. Woodruff, *supra;* Boisen v. Boisen, *supra;* Baker v. Baker, 76 Nev. 127, 350 P.2d 140 (1960).

Appellant next contends that the trial court abused its discretion in ordering respondent to pay $75 per child per month for the two children of the marriage. Appellant submits that these support payments are insufficient considering the respondent's income and the children's poor health. NRS 125.140 confers broad discretionary powers upon the district court in determining support of minor children in divorce proceedings. The exercise of such discretion by the trial court in awarding support for a minor child will not be disturbed on appeal unless there is a clear case of abuse. Gilbert v. Warren, 95 Nev. 296, 594 P.2d 696; Nichols v. Nichols, 91 Nev. 479, 537 P.2d 1196 (1975); Culbertson v. Culbertson, 91 Nev. 230, 533 P.2d 768 (1975); Buchanan v. Buchanan, 90 Nev. 209, 523 P.2d 1 (1974). A review of the record herein discloses no such abuse of discretion. Rather, it appears that the trial court reviewed extensive documentation regarding respondent's financial ability to support the children and carefully considered the fact that the children were covered by respondent's medical and hospitalization insurance policy.

Finally, appellant contends that incompatibility as the ground for divorce was not proved. This contention is without merit. The record herein is replete with instances evidencing incompatibility.

The judgment of the lower court is affirmed. Respondent's motion for attorney's fees and costs is denied.