JOAN C. WALDMAN, Appellant, v. STEVE
WALDMAN, Respondent.

No. 12029

October 28, 1981                                    635 P.2d 289

*John Peter Lee,* and *Vincent Ochoa,* Las Vegas, for Appellant.

*James E. Barfield,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This matter was heard by the trial court, sitting without a jury. The court granted a decree of divorce to appellant and made certain dispositions with regard to their property. Upon consideration of the record, we conclude that several of appellant's assignments of error have merit.

We agree with appellant's contention that the record does not support determination by the court below that the parties'

home and a 2½ acre parcel of unimproved real property were community property. It is undisputed that title to each property was held in joint tenancy. Accepting *arguendo* respondent's contention that the properties were purchased with community funds or a community obligation, this fact alone "is insufficient to rebut the presumption created by the form of the deed[s]." Peters v. Peters, 92 Nev. 687, 691, 557 P.2d 713, 715 (1976).

In addition, we agree with appellant's contention that no evidence properly in the record supported the finding of the court that there was a community debt of some $130,000 owed to respondent's parents. This finding must therefore be set aside pursuant to NRCP 52(a). Nor is there any indication in the court's decree that it gave consideration to the factors set forth in Buchanan v. Buchanan, 90 Nev. 209, 215, 523 P.2d 1, 5 (1974), in failing to award any alimony to appellant. *See* Johnson v. Steel, Incorporated, 94 Nev. 483, 581 P.2d 860 (1978).

Accordingly, we reverse the judgment except insofar as it granted appellant an absolute and final decree of divorce from respondent and remand for retrial of the remaining issues.

MANOUKIAN, BATJER, SPRINGER, and MOWBRAY, JJ., and LEGAKES, D. J.[1], concur.