PEGGY JEAN FORREST, Appellant, v.
RONALD FORREST, Respondent.

No. 13628

August 31, 1983                           668 P.2d 275

*William M. O'Mara,* Reno, for Appellant.

*W. H. Tobeler,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment awarding a decree of divorce and dividing property and from an order denying appellant's motion to amend judgment. For the reasons set forth hereinafter, we reverse the order denying the motion to amend judgment and remand for further proceedings.

Appellant and respondent were married in 1955 in Reno. There are no minor children of this marriage. In July 1973, the parties separated and have been living apart since that time.

During the first month of their separation, appellant filed a complaint for separate maintenance, seeking to be awarded the family residence in Sparks as her share of the community property, fifty percent of the parties' net savings, and $5.00 per month in maintenance payments. In respondent's answer to appellant's separate maintenance complaint, it was claimed that the residence in Sparks was held in joint tenancy rather than as community property. Respondent also counterclaimed for a decree of divorce and division of marital property, including the equal division of the property held in joint tenancy.

After multiple continuances, a brief trial was held in 1981. Despite the fact that no deed or other substantial evidence was produced indicating that a joint tenancy existed in the Sparks residence, the district court found that the residence was held in joint tenancy. The court then ordered the immediate sale of the residence, and the equal division of the net proceeds, or, in the alternative, the payment within 30 days by appellant to respondent of $24,000.00 as appellant's share of the equity in the residence. The court gave no consideration to the mortgage payments made by appellant following the separation. No provision was made for alimony, nor was any finding or ruling made regarding a mobile home purchased by respondent after the separation but before the decree of divorce.

Appellant moved to amend the judgment, objecting to the order to sell, the court's failure to set off mortgage payments, the court's failure to award alimony, and the lack of any findings concerning the mobile home. In its order denying the motion, the district court stated, in part:

> In this case and at the trial thereof, we were primarily concerned with the disposition of the house and lot. . . .
>
> We were not concerned with alimony, except in the alternative; we were not really concerned with defendant's to-be-acquired ownership of a mobile home, acquired after separation; . . .
>
> This case once again presents one of the difficulties of joint tenancy and it is not the first time that I have been required to make such a decision in lieu of credible community property testimony. . . .

This appeal followed.

Under the facts of this case, it appears that the district court was in error in characterizing the residence at issue as separate property held by the respective parties in joint tenancy.

All property acquired after marriage is presumed to be community property. This presumption may be rebutted with clear

and convincing evidence. Cord v. Cord, 98 Nev. 210, 644 P.2d 1026 (1982); Roggen v. Roggen, 96 Nev. 687, 615 P.2d 250 (1980). *See* NRS 123.220. A valid deed showing that title to property is held in joint tenancy is the clear and certain proof needed to overcome the community property presumption, and such a deed raises the rebuttable presumption that the property is in fact held in joint tenancy (*i.e.,* as the separate property of the husband and wife). Waldman v. Waldman, 97 Nev. 546, 635 P.2d 289 (1981); Neumann v. McMillan, 97 Nev. 340, 629 P.2d 1214 (1981); Peters v. Peters, 92 Nev. 687, 557 P.2d 713 (1976). On the other hand, the opinion of either spouse as to whether the property is separate or community is of no weight whatsoever. Peters v. Peters, 92 Nev. at 692, 557 P.2d at 716.

In the instant case, a review of the record indicates that neither appellant nor respondent introduced a copy of the deed to the family residence into evidence at trial. On appeal, respondent asserts at several points that it is "undisputed" that title to the home was taken in joint tenancy. Appellant, however, has consistently maintained that the property is community property. The record contains no evidence beyond a few conclusory statements by the parties as to the character of the real property. Therefore, on this record, the real property must be presumed to belong to the community.

We remand the case for a reconsideration by the district court of the property's character. In this regard, respondent should be allowed to introduce sufficient evidence of joint tenancy, if such exists, in order to overcome the presumption of community property.

In addition, the district court must reconsider the issue of alimony.

In light of the facts of the case, the trial court's explanation that "[w]e were not concerned with alimony, except in the alternative" is a non sequitur. Here, appellant presented her request for alimony as an alternative to keeping the house. As hereinbefore mentioned, the court did not award the house to appellant.

Respondent argues that appellant was precluded from seeking alimony at trial since she had requested only $5.00/month separate maintenance in her complaint. This argument is meritless. Not only was the issue here tried by the consent of the parties, NRCP 15(b), Johnson v. Johnson, 76 Nev. 318, 322, 353 P.2d 449, 451 (1960), but alimony is incidental to a divorce under NRS 125.150(1) and need not be specifically pleaded. Woodruff v. Woodruff, 94 Nev. 1, 4, 573 P.2d 206, 208 (1978).

Courts have broad discretion in the distribution of community property. Johnson v. Steel Inc., 94 Nev. 483, 581 P.2d 860 (1978). *See* NRS 125.150(1). However, there are limits to the trial court's discretion in awarding or refusing to award alimony. Much depends on the particular facts of each individual case. Among the matters to be considered are the following factors: the financial condition of the parties; the nature and value of their respective property; the contribution of each to any property held by them as tenants by the entirety [or joint tenants]; the duration of the marriage; the husband's income, earning capacity, age, health, and ability to labor; and the wife's income, age, health, station, and ability to earn a living. Buchanan v. Buchanan, 90 Nev. 209, 215, 523 P.2d 1, 5 (1974). Where the trial court does not indicate in its judgment or decree that it gave adequate consideration to the *Buchanan* factors in failing to award any alimony to the appellant, this Court shall remand for reconsideration of the issue. Waldman v. Waldman, *supra;* Johnson v. Steel Inc., 94 Nev. at 489, 581 P.2d at 864.

In the instant case, the district judge gave no indication that he had considered the evidence in light of the *Buchanan* factors, and suggested that alimony was at best a minor issue.

For the reasons set forth above, we reverse the trial court's order which awarded no alimony, and remand the matter for consideration within the guidelines set forth above.

We must also reverse the district court's order failing to divide as community property the parties' interest in the mobile home acquired by respondent after separation but before the divorce.

In stating that "[w]e were not really concerned with defendant's to-be-acquired ownership of a mobile home, acquired after separation," the district court made an implicit legal finding that the separation of the parties in 1973 was tantamount to a sufficient dissolution of the marital relationship to dissolve the community, rendering property thereafter acquired by the parties separate property. Such a conclusion was erroneous.

The legal standards applicable to the instant case are clear. NRS 123.220 states:

> All property, other than that stated in NRS 123.130, acquired after marriage by either husband or wife, or

both, is community property unless otherwise provided by:

1.  An agreement in writing between the spouses, which is effective only as between them.

2.  A decree of separate maintenance issued by a court of competent jurisdiction.

3.  NRS 123.190.

NRS 123.130 provides that all property of a spouse owned by him or her before marriage, and that acquired after marriage by gift, bequest, devise, descent, or an award for personal injury damages, with the rents, issues, and profits thereof, is separate property. NRS 123.190 provides that one spouse may in writing authorize the other spouse to retain and control his or her earnings as separate property.

Here, despite the fact that since the time of separation both parties were represented by counsel, no written agreement or authorization between the parties was entered into, nor was a decree of separate maintenance obtained. In such a case, the statutes clearly mandate that all property acquired by the parties until the formal dissolution of the marriage is community property.

■■■■■■■■■

On appeal, respondent cites no authority indicating that property acquired following an informal separation may be considered separate property. Instead, he argues that there was little or no equity left in the $24,000.00 mobile home after three years of depreciation—regardless of the $3,700.00 down payment and the three years of installment payments—because of an (eventual) $28,000.00 finance charge. Resolution of these factual issues is within the province of the district court, and should be addressed by that court upon remand.

■■■■■■■■■

Finally, appellant assigns as error the district court's failure to divide as community property respondent's retirement benefits with Harold's Club. Generally, retirement benefits are divisible as community property to the extent that they are based on services performed during the marriage, whether or not the benefits are presently payable. *See In re* Marriage of Gillmore, 629 P.2d 1 (Cal. 1981); *In re* Marriage of Brown, 544 P.2d 561 (Cal. 1976). In the instant case, however, sufficient evidence to support an apportionment of respondent's retirement benefits was not adduced by appellant. Here, only passing reference

was made to the fact that respondent was recipient of a retirement plan with Harold's Club.[1] Without more, an apportionment of respondent's retirement benefits could not intelligently have been made.

In view of our remand of this case for consideration of the other issues discussed above, however, we deem it proper for appellant to introduce further evidence, if any exists, regarding respondent's retirement plan and its relation to services performed by respondent during marriage, in order that a just and equitable division of all the community property may be made.

In summary, we reverse the order of the district court denying appellant's motion to amend judgment and remand the case for further proceedings. In this regard, both parties should be allowed to present evidence in order that proper characterization of the property at issue may be made, and that an equitable division of the property may ensue. Furthermore, the district court should consider the matter of alimony within the standards set forth in this opinion and in the cases cited herein.

It is so ordered.

---

[1]The sum of the evidence regarding respondent's retirement benefits is found in this exchange between appellant's attorney and respondent:

BY MR. O'MARA:

Q.   Is it not also true that you have a retirement or profit-sharing plan with Harold's Club?

A.   Harold's Club just installed it. Yes.

Q.   You are a recipient of those?

A.   Retirement plan.

MR. O'MARA:   I have no further questions.