OSCAR WYATT, JR., Appellant, v. JOHN A. BOWERS, and FREDERICK T. BOULWARE, JR., Respondents.

No. 17692

December 29, 1987                    747 P.2d 881

B. *Mahlon Brown*, Las Vegas, for Appellant.

*Hardy & Hardy; Gordon C. Richards*, Las Vegas, for Respondents.

# OPINION

*Per Curiam:*

Oscar Wyatt, Jr., appeals from a judgment against him which is based largely on a finding by the trial court that he had assumed an indemnification agreement pertaining to, among other things, liability under a medical equipment lease. At trial the district court found Wyatt personally liable, pursuant to a written indemnity agreement, for the breach of a medical equipment lease (the AVCO lease). The finding of personal liability was founded alternatively upon either of two theories: (1) Wyatt assumed the outstanding obligations associated with the equipment lease assets taken as part of a business combination, or (2) Ancillary Service Corporation ("Ancillary"), which was also liable on this obligation, was the alter ego of Wyatt, thereby justifying the piercing of Wyatt's shield of limited liability protection under Ancillary's corporate veil. In addition, the district court awarded attorney's fees to the respondents, John Bowers and Frederick Boulware, Jr.

Wyatt contends that neither of the alternative grounds for liability set forth by the district court is supported by substantial evidence. He maintains that because of some of the foundational findings of fact supporting the conclusions of personal liability are clearly erroneous, the district court erred and that the judgment should be reversed. We agree.

## Assumption of the Indemnity Agreement

The district court's finding of direct personal liability on Wyatt's part is not supported by substantial evidence. The district court found that one Phillip Taylor executed indemnity agreements with respondents Bowers and Boulware under which Tay-

lor agreed to indemnify Bowers and Boulware for any and all past and future liabilities incurred pursuant to the AVCO equipment lease obligation. Next, the trial court found that Ancillary Service Corporation became obligated to assume Taylor's agreement to indemnify Bowers and Boulware. The trial court also found that Wyatt had promised Taylor in writing that he would execute whatever personal liability documents that might be necessary for him to guarantee equipment lease obligations for the benefit of Ancillary. Wyatt failed to execute a personal indemnity for the AVCO lease obligation agreements. On these facts the trial court came to the conclusion that Wyatt's promise to Taylor created a liability on his part to Bowers and Boulware. Apparently, the court reasoned that since the indemnity agreements were considered an obligation associated with Ancillary's equipment leases and since Wyatt had promised to execute whatever personal liability documents were necessary to guarantee such obligations, Wyatt should be held personally liable as an indemnitor.

A review of the record does not reveal that the district court's conclusions were founded upon substantial evidence. The district court's finding of Wyatt's liability is premised upon some kind of implied assumption by Wyatt of an obligation to indemnify Bowers and Boulware. The district court apparently based its finding against Wyatt upon Wyatt's promise to Taylor personally to guarantee the Ancillary lease obligations, implying from this promise a general assumption of the indemnity agreements that ran to Bowers and Boulware. On review of the record, we cannot find, implied or otherwise, any assumption by Wyatt of the indemnity agreements.

Wyatt's promise to execute personal liability documents guaranteeing obligations associated with Ancillary equipment leases was made to Taylor—not to either Bowers or Boulware. Any breach of that covenant can only be raised by Taylor, the recipient of such promise. Bowers' and Boulware's proper avenue for relief is against Taylor for breach of the indemnity agreements. We realize that for all practical purposes such an avenue forecloses relief to Bowers and Boulware. Nonetheless, Wyatt should not be made to suffer for Taylor's breach of his agreements with the respondents.

Bowers and Boulware also argued on appeal that they were third-party beneficiaries of the "Master Agreement" between Taylor and Wyatt. As such, they insist they are entitled to seek remuneration from Wyatt pursuant to rights arising out of the Master Agreement. We disagree. It cannot be clearly discerned from the Master Agreement that Wyatt *intended* to benefit Bowers

and Boulware when the Master Agreement was entered into with Taylor. *See* Lipshie v. Tracy Investment Co., 93 Nev. 370, 566 P.2d 819 (1977). Rather, the covenant in the Master Agreement was intended to benefit Taylor. Consequently, Bowers and Boulware were at best *incidental* beneficiaries without the right to claim relief under the Master Agreement provision.

We hold the district court's finding of direct personal liability on Wyatt's behalf to be clearly erroneous.

### Alter Ego Doctrine

At trial, the district court found Ancillary to be Wyatt's alter ego and thereby pierced Wyatt's shield of limited liability protection under Ancillary's corporate veil. Wyatt contends that the district court erred in its finding because established case law does not support the court's finding. We agree.

As set forth in Rowland v. Lepire, 99 Nev. 308, 316-17, 662 P.2d 1332, 1337 (1983),

> In order to apply the alter ego doctrine, the following requirements must be met: (1) the corporation must be influenced and governed by the person asserted to be its alter ego; (2) there must be such unity of interest and ownership that one is inseparable from the other; and (3) the facts must be such that adherence to the fiction of a separate entity would, under the circumstances, sanction a fraud or promote injustice.

(Citations omitted.) It is clear from a review of the record on appeal that the *Rowland* test has not been met in the present case.

The requisite unity of interest and ownership between Wyatt and Ancillary does not exist. Ancillary was formed as an investment for Wyatt. Adequate funds were injected into the company for capitalization purposes. Wyatt was neither a director nor an officer of the company. Wyatt's personal funds and assets were never commingled with those possessed by Ancillary. There were no diversions of corporate funds or assets out of Ancillary and into the pockets of Wyatt. No evidence can be found in the record which would indicate that Wyatt treated the corporate assets as his own individual holdings. These factors weigh heavily against the application of the alter ego doctrine.

Although it is possible that Wyatt influenced Ancillary operations, it cannot be said that he governed the business. In addition, little evidence exists in the record to support the district court's finding that ''Wyatt exercised complete management . . . over the business affairs of Ancillary. . . .'' The mere fact the officers and directors of Ancillary were confidants of Wyatt, while relevant, is insufficient without more to show that Ancillary was Wyatt's alter

ego. Moreover, merely influencing and governing a corporation does not necessarily demonstrate the unity of interest and ownership resulting in the requisite inseparability of a corporation and shareholder. North Arlington Medical Building, Inc. v. Sanchez Constr. Co., 86 Nev. 515, 471 P.2d 240 (1970). Sufficient evidence justifying the finding of a disregard for the corporate entity, which must be proven by a preponderance of the evidence, cannot be found in the record.

Finally, to adhere to the fiction of a separate entity would not act to sanction fraud or promote injustice. Wyatt did what he could to keep Ancillary afloat. Bowers and Boulware, on the other hand, jumped ship to cut their losses, as indicated by their indemnity agreement with Taylor. If injustice exists, it appears related to Taylor and not to Wyatt.

As noted in the past, the corporate cloak will not be lightly cast aside. Baer v. Walker, 85 Nev. 219, 452 P.2d 916 (1969). We decline, in this instance, to toss aside that corporate cloak because the elements required to invoke the alter ego doctrine have not been properly established. The district court's determination that Wyatt was personally liable for the AVCO lease obligation upon application of the alter ego doctrine was in error, and we thereby reverse.

*Attorney's Fees Award*

Wyatt's final contention of error concerns the district court's award of attorney's fees to respondents, Bowers and Boulware. The court's award was grounded in the written indemnification agreements assumed by Wyatt. As such, the award would be proper pursuant to Rowland v. Lepire, 99 Nev. 308, 662 P.2d 1332 (1983), which permits the award of attorney's fees where such an award is provided by contract provision.

On appeal, however, we have recognized that Wyatt is not subject to the provisions of the indemnification agreements. Consequently, the attorney's fees award cannot be founded upon such agreement. Since the award of attorney's fees in this instance is not specifically provided for by statute, and there exists no agreement to base such an award upon, it was error for the district court to award attorney's fees to Bowers and Boulware. Accordingly, we reverse the award.

Having reviewed the record on appeal, and for the reasons set forth above, we conclude that appellant Wyatt has demonstrated error in this appeal. Accordingly, we reverse the decision of the district court in its entirety and order that judgment be entered in favor of Wyatt.