# IN THE SUPREME COURT OF THE STATE OF NEVADA

DUANE PITTMAN,
Appellant,
vs.
MARIBEL PITTMAN,
Respondent.

No. 71662

FILED

OCT 0 2 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an amended district court divorce decree. Eleventh Judicial District Court, Mineral County; Jim C. Shirley, Judge.

When appellant Duane Pittman and respondent Maribel Pittman first married in 1998, Maribel was still married to her first husband. Upon discovering this, the parties remained together while Maribel divorced her first husband. After the divorce was finalized, Maribel and Duane purchased a home in Nevada that they titled in both of their names as joint tenants with rights of survivorship. A few years after purchasing the home, Maribel and Duane remarried in a valid marriage ceremony. Maribel later filed for divorce. The district court entered its order of divorce following a hearing, and Duane now appeals.[1]

Duane first argues that the district court erred in ordering the home sold and the proceeds split equally between the parties because the home was purchased with his separate property. We disagree. The parties held the property in joint tenancy before their valid marriage and, as such, entered into the marriage each with a separate property interest in the

---

[1]Child custody and support were included in the divorce decree but those decisions are not challenged as part of this appeal.

18-38378

Nevada home. *See* NRS 123.130 (1975) (providing that all property owned by a spouse before marriage is the spouse's separate property); NRS 123.030 (1959) (allowing married couples to hold real property as joint tenants); *Forrest v. Forrest*, 99 Nev. 602, 605, 668 P.2d 275, 277 (1983) (recognizing that property held in joint tenancy by a husband and wife is "the separate property of the husband and wife"). And NRS 125.150(2) (2015) mandates that the court "dispose of any property held in joint tenancy in the manner set forth is subsection 1 for the disposition of community property"—by making an equal disposition between the parties. The district court therefore did not abuse its discretion in ordering the proceeds from the sale of the home to be split equally between the parties. *See Wolff v. Wolff*, 112 Nev. 1355, 1359, 929 P.2d 916, 918-19 (1996) (reviewing asset division decisions for an abuse of discretion); *Fick v. Fick*, 109 Nev. 458, 461, 851 P.2d 445, 448 (1993) (affirming the equal disposition of property a married couple held as joint tenants). Additionally, at the conclusion of the hearing, Duane's counsel informed the court that Duane requested the proceeds from the sale of the house be equally split. Accordingly, we affirm this decision.

Duane next argues that the district court erred in sanctioning him and awarding certain debts to him as his sole responsibility. Duane's contention that the sanctions must be reversed because the district court failed to make explicit findings on the factors announced in *Young v. Johnny Ribeiro Building, Inc.*, 106 Nev. 88, 93, 787 P.2d 777, 780 (1990), fails because the district court is only required to explicitly address those factors if the sanctions are case-concluding. *See Bahena v. Goodyear Tire & Rubber Co.*, 126 Nev. 243, 249, 235 P.3d 592, 596 (2010) (recognizing that *Young* does not apply to cases where the sanctions do not result in the conclusion of the case). Here, the district court did not enter case-concluding sanctions,

but rather, sanctioned Duane by not allowing him to present evidence on certain debts he claimed were community debts. As such, the district court was not required to explicitly address the *Young* factors and this does not provide a basis for reversing the district court's decision.

Regarding the award of certain debts to Duane as his sole responsibility, Duane failed to present any evidence regarding the amount of the debts, when they originated, or to whom they were owed.[2] Without any evidence that the debts existed or were community debts, we cannot say that the district court abused its discretion in awarding the debts solely to Duane. *See Wolff*, 112 Nev. at 1359, 929 P.2d at 918-19; *see also Barry v. Lindner*, 119 Nev. 661, 670, 81 P.3d 537, 543 (2003) (affirming an award of a debt solely to one spouse when the spouse failed to establish that the debt belonged to the marital community); *Waldman v. Waldman*, 97 Nev. 546, 547, 635 P.2d 289, 290 (1981) ("[W]e agree with appellant's contention that no evidence properly in the record supported the finding of the court that there was a community debt of some $130,000 owed to respondent's parents. This finding must therefore be set aside . . . .").

In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

---

[2]Despite the court's sanctions order, Duane was asked at trial if he had any documentation regarding one of the alleged community debts, but Duane provided nothing to the court.

cc: Hon. Jim C. Shirley, District Judge
Kristopher S. Pre
Frizell Law Firm, PLLC
Mineral County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A