# IN THE SUPREME COURT OF THE STATE OF NEVADA

BO YANG,
Appellant,
vs.
HAIMING PAN,
Respondent.

No. 74564

FILED

MAR 28 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court decree of divorce and an order incident to the divorce decree dividing assets, determining child custody, and awarding child support and alimony. Eighth Judicial District Court, Family Court Division, Clark County; Linda Marquis, Judge.

Appellant Bo Yang and respondent Haiming Pan were divorced by default divorce decree after Yang failed to respond. The default divorce decree determined child custody, divided the parties assets, and awarded child support and alimony. After the default divorce decree was entered, Yang moved to set aside the property division, alimony, and child support provisions of the divorce decree, arguing that the district court lacked personal jurisdiction because he never appeared or filed any pleadings in the pending action and that he was served out of state. Yang did not challenge the district court's grant of child custody to Pan. The district court granted the motion to set aside the default divorce decree only as it related to property division, alimony, and child support and set a date for trial.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-13837

Prior to the default divorce decree, Pan had filed a number of complaints for divorce that were dismissed. Soon after the new trial date was set, Pan filed a motion to re-open one of the previously dismissed cases—one in which Yang had filed a pleading and admitted that Pan satisfied Nevada's residency requirements for divorce—and to consolidate it with the pending case to establish personal jurisdiction over Yang. Yang filed a limited opposition, in which he did not challenge personal jurisdiction or subject matter jurisdiction. Further, when prompted by the district court at a hearing on the motion, Yang acquiesced to the district court's decision to reopen the previously dismissed case and consolidate it with the pending case.

At trial, Yang requested to continue discovery and the trial. The district court denied this request. It did not allow Yang to present evidence because it determined that he had not participated in discovery. Specifically, the district court precluded Yang from introducing a voice recording that he alleged showed that Pan sold a large portion of his art collection. He was only able to ask her questions about the allegation.

After the trial, the district court entered new findings of fact, conclusions of law, and order incident to the divorce decree in which Yang was ordered to pay child support in the amount of $1,115 per month and an additional $2,500 per month for their child's educational expenses. The court further ordered Yang to pay Pan alimony in the amount of $15,000 per month for ten years. The district court also awarded multiple pieces of real property in China to Pan. Finally, the district court awarded an immediate equalization payment of $425,000 and $75,000 in arears relating to medical and educational expenses Pan incurred since the divorce action was initiated.

(O) 1947A

Yang appeals, arguing that: (1) the district court erred when it reopened a prior case and consolidated it with the current divorce action in order to confer personal jurisdiction on him, (2) Pan did not meet Nevada's six-week residency requirements for initiating a divorce action, (3) the district court abused its discretion when it shortened the time to trial and discovery deadlines as a sanction, (4) the district court erred in its child custody ruling because it failed to determine the child's best interest according to the enumerated factors in NRS 125C.0035,[1] (5) the district court erred in determining the amount of Yang's child support obligation, (6) the district court erred when it divided property under Nevada law because the property was in China, and (7) the district court's alimony award was unconscionable.

*The district court did not err in determining it had personal jurisdiction over Yang*

Pan moved to reopen a previously dismissed divorce action in which Yang had filed and answer and consolidate it with the pending divorce action in order for the court to establish personal jurisdiction over Yang. In opposing Pan's consolidation motion, Yang specifically stated that he did not oppose the relief Pan requested in the motion; rather, he opposed only some of the factual allegations contained in the motion. At the hearing on the motion, when directly prompted by the district court, Yang's attorney again stated that he had limited opposition to some of the factual allegations and "[o]ther than that, I think that the only way to move forward is to consolidate the case." Yang only argued that the district court lacked

---

[1]Because Yang argues for the first time on appeal that the district court failed to consider the child's best interest in its child custody determination, we need not consider it. *See Old Aztec Mine, Inc. v. Brown,* 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

personal jurisdiction more than a year later, and after a trial was conducted, in a motion for a new trial and relief from judgment.

We review a district court's determination of personal jurisdiction de novo. *Consipio Holding, BV v. Carlberg*, 128 Nev. 454, 457, 282 P.3d 751, 754 (2012). However, a party is estopped from raising a challenge to jurisdiction once it has stipulated to it. *Vaile v. Eighth Judicial Dist. Court*, 118 Nev. 262, 273, 44 P.3d 506, 514 (2002) (recognizing Nevada's jurisprudence wherein a party who admits a fact in a pleading that confers subject matter jurisdiction is judicially estopped from later asserting the opposite). Therefore, we conclude that the district court did not err in determining it had personal jurisdiction over Yang after he had expressly agreed with the district court's decision to reopen a prior divorce action and consolidate it with the pending divorce action in order to confer personal jurisdiction.

*The district court's determination that Pan met Nevada's six-week residency requirement is supported by substantial evidence*

"Ordinarily, a determination of habitual residence is a question of fact which we will not disturb." *Vaile*, 118 Nev. at 279, 44 P.3d at 518. The district court's findings of fact are given deference, and we will not set them aside unless they are clearly erroneous or not supported by substantial evidence. *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). Nevada requires a plaintiff seeking divorce to have resided in this state for six weeks before bringing suit. NRS 125.020(1)(e).

We conclude that the district court's determination that Pan met Nevada's six-week residency requirement is supported by substantial evidence. Yang claimed, without submitting any evidence, that a private investigator found Pan living in Washington. However, Yang's made this argument over a year before Pan submitted an affidavit from her residence

witness attesting to her residency in Nevada for the statutory six-week period. Further, Yang is estopped from challenging Pan's residency requirement because he admitted the allegation that Pan lived in Nevada for the statutory period in his answer and counterclaim filed in the consolidated divorce action. *See Boisen v. Boisen*, 85 Nev. 122, 124-25, 451 P.2d 363, 364 (1969) (holding that a defendant husband was estopped from raising a jurisdictional issue as to his wife for the first time on appeal when he acquiesced to court's jurisdiction by filing his counterclaim for divorce and by failing to contest the issue at trial).

*The district court did not abuse its discretion when it shortened discovery deadlines and the time to trial*

"Absent a clear abuse of discretion, we will not disturb a district court's decision regarding discovery." *In re Adoption of a Minor Child*, 118 Nev. 962, 968, 60 P.3d 485, 489 (2002). Here, the district court found that Yang acted in bad faith to delay and disrupt discovery without a legitimate basis when he failed to participate in discovery. Pan's counsel also attested that she provided notice of discovery and trial changes, and Yang had an opportunity to respond to the requests before the date of the trial but failed to do so. Because the district court's findings are supported by substantial evidence and are not clearly erroneous, we conclude that the district court did not abuse its discretion by adjusting the discovery deadlines and shortening the time to trial in response to Yang's noncompliance with discovery and other intentional acts to delay proceedings. *Id.*; *see also Ogawa*, 125 Nev. at 668, 221 P.3d at 704.

*The district court did not abuse its discretion in determining the amount of Yang's child support obligation*

Generally, we review matters involving child support for an abuse of discretion. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541,

SUPREME COURT
OF
NEVADA

(O) 1947A

543 (1996). NRS 125B.070(1) and (2) provide the formula for determining a parent's support obligation based on the parent's gross monthly income. The resulting amount is presumed to meet the basic needs of the child. NRS 125B.080(5). However, we have recognized instances where it is not in the child's best interest to force a parent into debt if he or she has no ability to pay, which could strain the parent-child relationship. *See, e.g., Fernandez v. Fernandez*, 126 Nev. 28, 37-38, 222 P.3d 1031, 1037-38 (2010) (stating that the child support statutes are designed to set child support "that is adequate to the child's needs, fair to both parents, and set at levels that can be met without impoverishing the obligor parent"). A district court may adjust the amount of a child support obligation after considering the factors enumerated in NRS 125B.080(9) and upon making specific findings of fact.

Here, the district court found that Yang had access to significant community assets and that his tax returns revealed significant income and earning capacity in excess of at least $1,000,000 per year. It further found that a number of the factors enumerated in NRS 125B.080(9) warranted a deviation from the statutory formula, including the child's medical expenses, educational expenses, the amount of time the child spends with each parent, and other necessary expenses. While Yang argues that his personal wealth is not nearly as high as the district court determined, the district court found that his testimony on this issue was not credible, and we will not substitute our judgment for that of the district court absent an abuse of discretion. *See Ellis*, 123 Nev. at 152, 161 P.3d at 244 (leaving "witness credibility determinations to the district court"); *Schwartz v. Schwartz*, 126 Nev. 87, 90, 225 P.3d 1273, 1275 (2010) ("This court's rationale for not substituting its own judgment for that of the district court, absent an abuse of discretion, is that the district court has a better

opportunity to observe parties and evaluate the situation." (internal quotation marks omitted)). Therefore, we conclude that the district court did not abuse its discretion in determining the amount of Yang's child support obligation.

*The district court did not abuse its discretion in dividing property under Nevada law even though the property was in China*

We review the district court's division of community property for an abuse of discretion. *Wolff v. Wolff*, 112 Nev. 1355, 1359, 929 P.2d 916, 918-19 (1996). If a district court has jurisdiction over parties to a divorce proceeding, it has jurisdiction to divide the property and assets of the parties. *Buaas v. Buaas*, 62 Nev. 232, 236, 147 P.2d 495, 496 (1944). Given that we conclude that the district court had jurisdiction over both Yang and Pan, we conclude that the district court did not abuse its discretion when it divided the parties' property in China.

*The district court abused its discretion in awarding Pan alimony*

We review a district court's award of alimony for an abuse of discretion. *Schwartz*, 126 Nev. at 90, 225 P.3d at 1275. The district court "[m]ay award such alimony to either spouse, in a specified principal sum or as specified periodic payments, as appears just and equitable." NRS 125.150(1)(a). "In making this determination, this court has stated that much depends on the particular facts of each individual case." *Schwartz*, 126 Nev. at 90, 225 P.3d at 1275 (internal quotation marks and alteration omitted). In deciding whether alimony is appropriate, the district court must consider, among other things, the factors set forth in NRS 125.150(9).

Beyond summarily stating in its order incident to the divorce decree that the marriage was long and there was disparate income, it is unclear whether the district court properly considered the factors set forth in NRS 125.150(9) or any other factors that would justify its award of

spousal support. In the absence of sufficient factual findings, we cannot adequately review the district court's award of spousal support award and we thus conclude that it was an abuse of discretion. Accordingly, we reverse the district court's award of alimony and remand this matter to the district court for it to properly consider the statutory factors, and other legal factors the court may deem appropriate, before determining whether Pan is entitled to alimony.[2] *See Devries v. Gallio*, 128 Nev. 706, 712-13, 290 P.3d 260, 264-65 (2012) (reversing and remanding the spousal support portion of the divorce decree where there was no indication in the decree that district court gave adequate consideration to the appropriate statutory and legal factors).

For the reasons set forth above, we

---

[2]Yang also argues for the first time on appeal that Pan, in a prior pleading, waived alimony thus precluding her right to seek it in a subsequent pleading. Because this argument is raised for the first time on appeal and Yang has failed to cite to any relevant authority to support his argument on the waiver issue, we need not consider this issue. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (stating that this court will not consider issues raised for the first time on appeal); *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (stating that claims not supported by relevant authority need not be considered by this court).

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Linda Marquis, District Judge, Family Court Division
       Carolyn Worrell, Settlement Judge
       McFarling Law Group
       Black & LoBello
       Eighth District Court Clerk

_____

[3]In light of the resolution of this appeal, we lift the stay issued by this court on March 7, 2018.