IN THE SUPREME COURT OF THE STATE OF NEVADA

YOAV EGOSI,
Appellant,
vs.
PATRICIA EGOSI, N/K/A PATRICIA
LEE WOODS,
Respondent.

No. 83454

FILED

JUN 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER AFFIRMING IN PART,
VACATING IN PART, AND REMANDING*

This is an appeal from a divorce decree. Eighth Judicial District Court, Family Court Division, Clark County; Bryce C. Duckworth, Judge.[1] Following protracted litigation, the district court entered a divorce decree. Among other provisions, the district court modified child custody, ordering joint physical and legal custody rather than resting sole custody with appellant. The district court also sanctioned appellant for contempt for noncompliance with previous court orders regarding obtaining a valuation of a marital asset. Appellant challenges these custody and contempt rulings.

Appellant first argues that the district court deprived him of a meaningful opportunity to present his case at the custody modification hearing when respondent received more time to present her case.[2] Appellant did not contemporaneously object. Parents in a custody dispute

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]It is unclear whether appellant's representation that the parties received disparate time is accurate. The district court explained that time included time spent cross-examining and making closing argument. Appellant relies on the ranges of pages of the transcript where the parties presented their cases without accounting for the other portions of time that the district court explained was being tracked.

22-19228

have due process protections that require notice before custody is modified and the opportunity to oppose evidence presented. *Gordon v. Geiger*, 133 Nev. 542, 545-46, 402 P.3d 671, 674 (2017). Appellant does not argue that he had no notice of the custody modification hearing or that he lacked the opportunity to present evidence, and the record shows that he attended the hearing with counsel and presented a prepared theory of the case. Appellant further does not argue on appeal that there was any evidence that he wanted to present yet was prevented from putting forward. We conclude that appellant therefore has not shown that the district court abused its discretion in this regard. *See id.* at 545, 402 P.3d at 674 (reviewing district court child custody decisions for an abuse of discretion).

Appellant next argues that the district court should not have found a change in circumstances affecting the parties' child's welfare. Appellant contends that the only changed circumstances affected respondent, not the child. Appellant further contends that the district court made findings in this regard based on the judge's own opinion, not the record. These arguments fail. "A modification of primary physical custody is warranted only when (1) there has been a substantial change in circumstances affecting the welfare of the child, and (2) the modification would serve the child's best interest." *Ellis v. Carucci*, 123 Nev. 145, 153, 161 P.3d 239, 244 (2007). The district court found that respondent had made considerable improvement in her mental stability—including completing classes in parenting and anger management and obtaining substance abuse treatment—such that she was a more fit parent. Substantial evidence supports these findings, which are not clearly wrong. *See id.* at 149, 161 P.3d at 242 (upholding district court findings supported by substantial evidence). The district court accordingly ordered joint physical custody on the basis that these changes made joint custody more

suitable and that joint custody served the child's best interest in light of the totality of circumstances. The record belies appellant's contention that the district court did not explain how the change in circumstances affected the child; it did so with commendable thoroughness.[3] We conclude that appellant has not shown that the district court abused its discretion in this regard.

Appellant next argues that the district court misconstrued Georgia law in concluding that the prenuptial agreement was valid in part. The parties agree that the agreement is governed by Georgia law. Under Georgia law, the court reviewing a prenuptial agreement sits in equity and has discretion to approve or reject the agreement in whole or in part. *Alexander v. Alexander*, 610 S.E.2d 48, 50 (Ga. 2005). The court should consider whether the agreement is unconscionable; if it was obtained by fraud, duress, mistake, misrepresentation, or omission; and whether circumstances have changed to render enforcement unfair or unreasonable. *Id.* at 49. The district court found that appellant made a limited and late disclosure of assets, that appellant had a superior financial position when the agreement was entered, and that appellant had a better understanding of the agreement.[4] The court thus found that the agreement provided that only the property specifically identified would be presumed to be separate

---

[3]Insofar as appellant argues that the district court relied on evidence that preceded the previous custody order, he is mistaken. The district court noted earlier evidence to illuminate the context of the dispute between the parties and to show the changes in circumstances since the prior order.

[4]The record belies appellant's contention that the district court gave no explanation for its application of equity. And the record repels appellant's argument that the district court altered the text when it enforced the agreement in part; rather, it declined to give force to the term providing that property acquired after marriage would be presumed to be separate property.

property under the agreement. In so ruling, the court declined to give force to a term providing that property acquired after marriage would be separate property unless documented otherwise. The court explained that it would have found the agreement unconscionable but for its equitable authority to construe it narrowly. Substantial evidence in the record supports the district court's findings on this matter. On that basis, the district court appropriately construed Georgia law and exercised its equitable authority to apply the prenuptial agreement in part in order to avoid striking the agreement as unconscionable. We conclude that appellant accordingly has not shown that the district court abused its discretion in this regard.

Appellant next argues that the district court violated his right to due process by entering a written order regarding the prenuptial agreement that deviated from the court's oral pronouncements in the evidentiary hearing. A district court's oral pronouncement is not final, and the court may modify its determination when it files a written order. *Miller v. Hayes*, 95 Nev. 927, 929, 604 P.2d 117, 118 (1979). We conclude that appellant has not shown that the district court erred in this regard.

Appellant next argues that the district court improperly shifted the burden to him to demonstrate that Joi Biz was separate property. After the district court determined that the prenuptial agreement applied only to specifically listed property and that Joi Biz was formed after the parties married, Joi Biz was presumptively community property. *See Forrest v. Forrest*, 99 Nev. 602, 604, 668 P.2d 275, 277 (1983) ("All property acquired after marriage is presumed to be community property."). Appellant could rebut this presumption with a showing by clear and convincing evidence. *Id.* at 604-05, 668 P.2d at 277. In light of the presumption that the company was community property, we conclude that appellant has not shown that the district court abused its discretion in this regard.

SUPREME COURT
OF
NEVADA

4

Appellant next argues that the district judge should have recused himself on learning that he knew appellant's expert's family personally, consequently excluding the expert and the expert report to avoid the appearance of bias. No contemporaneous objection was raised. Appellant misplaces his reliance on NRS 1.230 to argue sua sponte recusal was required, as NRS 1.230 does not require a judge to recuse him or herself on the basis of any relationship or risk of appearance of bias *with a witness*.[5] *Cf. Kirksey v. State*, 112 Nev. 980, 1005, 923 P.2d 1102, 1118 (1996) ("A judge has an obligation not to recuse himself where there is no occasion to do so."). As appellant has identified no basis compelling sua sponte recusal, we conclude that appellant has not shown that the district court erred in this regard.

Lastly, appellant argues that the district court erred in calculating the contempt sanction amount it imposed. The district court ordered appellant to pay $3500 for a forensic expert to value a particular marital asset, the company Joi Biz. Appellant failed to comply until 1050 days after the deadline given, at which point the sum was no longer sufficient to pay the expert's fees. The district court sanctioned appellant by $100 per day of unnecessary delay. The district court offset the sanction by $15,000 in attorney fees owed to appellant. Of the $90,000 remaining, the district court ordered that $80,000 of the sanction was stayed and would

[5]Further, the record belies appellant's contention that the expert was disclosed months before trial; rather, the record shows that the expert was not noticed until six days before the trial.

And the record also belies appellant's suggestion that he will be unable to present a business valuation without this expert. The record shows that a suitable forensic expert was identified—whose fees appellant was ordered to pay—in 2017. Appellant has made no showing that only the excluded expert could perform the work required.

be purged upon appellant's payment of $10,000 to a suitable forensic expert. Contempt sanctions may be civil, seeking to compel compliance or remedy harm, or they may be criminal, seeking to punish misconduct. *Matter of Hughes*, 136 Nev. 399, 403, 467 P.3d 627, 631 (2020). Civil contempt sanctions cease on a party's compliance. *Id.* As the sanction here would be nullified on appellant's payment of the forensic expert fees—as originally ordered—the contempt sanction here was civil in nature. Civil contempt sanctions are limited to a party's actual loss. *State, Dep't of Indus. Relations v. Albanese*, 112 Nev. 851, 856, 919 P.2d 1067, 1071 (1996). The district court accordingly abused its discretion in imposing a sanction based on an arbitrary daily penalty rather than determining respondent's actual losses incurred as a result of appellant's delay.[6] *See In re Water Rights of the Humboldt River*, 118 Nev. 901, 907, 59 P.3d 1226, 1230 (2002) (reviewing a

---

[6]Appellant also argues that the sanction was impermissible because the time period used to calculate the contempt sanction included a period when an appeal was pending, which he argues provided cause for not complying. The record belies appellant's representation that the prenuptial agreement, and thus whether Joi Biz was a marital asset, was at issue in that appeal, *Egosi v. Egosi*, Docket No. 76144 (Order Dismissing Appeal in Part, March 2, 2020) (concluding that the court lacked jurisdiction over the prenuptial-agreement order); rather, that appeal addressed an order denying a motion to relocate the parties' child, *Egosi v. Egosi*, No. 76144, 2020 WL 2026608 (Order of Affirmance) (Nev. Apr. 24, 2020). The district court reasserted its order multiple times throughout this litigation. We note that appellant was already in violation of the district court's order when he appealed the relocation order, failed to comply with the original order for months after the partial dismissal, and ultimately delayed compliance to such an extent that the payment ordered was no longer sufficient. Appellant has proffered no authority showing that a contempt sanction was not appropriate in these circumstances, and we conclude that appellant has not shown that the district court abused its discretion in this regard. *See Skender v. Brunsonbuilt Constr. & Dev. Co.*, 122 Nev. 1430, 1435, 148 P.3d 710, 714 (2006) ("An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason.").

(O) 1947A

contempt order for abuse of discretion). We therefore vacate the district court's contempt sanction order and remand for proceedings to calculate the appropriate sanction based on respondent's actual loss.[7]

Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND VACATED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[8]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Pickering                              Gibbons

cc:   Hon. Bryce C. Duckworth, District Judge, Family Court Division
      Israel Kunin, Settlement Judge
      Law Office of Aniela K. Szymanski, Esq.
      McFarling Law Group
      Isso & Hughes Law Firm
      Eighth District Court Clerk

---

[7]We note that recalculation becomes moot if appellant complies with the district court's order so as to purge the sanction.

[8]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.