## MARY SOGGE, aka MARY JOHNSON, Appellant, v. RICHARD SOGGE, Respondent.

No. 9294

March 2, 1978                                          575 P.2d 590

*John Peter Lee,* Las Vegas, for Appellant.

*Bell, Leavitt & Green,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Richard and Mary Sogge were granted a divorce on January 9, 1973. Pursuant to the decree, appellant Mary Sogge was awarded custody of the four minor children, with respondent Richard Sogge accorded reasonable visitation rights.

On May 13, 1976, respondent moved to modify the decree to change control and custody of the children. Appellant, in turn, filed a motion on June 11, 1976, for attorney's fees and deposition costs to enable her to oppose respondent's motion. Appellant's affidavits filed in support of her motion stated she had received no support payments since April 30, 1976, had no money on hand or in any account, and could not afford to retain an attorney to represent her interests.

Respondent's affidavit filed in opposition to appellant's motion stated he had given appellant $520,000 plus child support since the divorce. After a hearing on the motion, the trial judge ordered respondent to pay appellant's counsel $600 as and for costs, specifically reserving his final ruling on the motion.

On October 4, 1976, the court awarded respondent custody of the children. The court also denied appellant's motion for attorney's fees and costs and ordered the parties to pay their own costs. Appellant contends the district court erred in denying her motion for attorney's fees. We disagree.

The award of attorney's fees in divorce proceedings lies within the sound discretion of the trial judge and where, as here, the record is barren of any evidence of abuse of that discretion, the trial judge's determination will not be disturbed on appeal. Woodruff v. Woodruff, 94 Nev. 1, 573 P.2d 206 (1978); Applebaum v. Applebaum, 93 Nev. 382, 566 P.2d 85 (1977); Fletcher v. Fletcher, 89 Nev. 540, 516 P.2d 103 (1973).

Affirmed.