### EVELYN A. SMITH, APPELLANT, v. PAUL HENRY SMITH, RESPONDENT.

No. 9072

May 15, 1978      578 P.2d 319

*Keefer, Clark & O'Reilly,* Las Vegas, for Appellant.

*Lionel Sawyer and Collins, Wartman and Boyd,* Las Vegas, for Respondent.

---

## OPINION

*Per Curiam:*

Evelyn Smith appeals from a judgment of divorce contending the district court improperly divided marital assets, and awarded insufficient alimony and attorney's fees. We disagree.

The Smiths were married in 1951. In 1955 respondent, Paul Smith, began work for the Ideal Supply Company, and shortly thereafter became general manager. In 1958, the owner of Ideal, Jack Kurtz, died, leaving 52% of the capital stock to his wife, and the balance to his two sons. One year later, Mrs. Kurtz died and bequeathed her stock to respondent in his name alone. The corporation thereafter retired the remaining stock, making respondent the sole owner of the company.

1. Appellant first contends the district court erroneously found the Ideal stock to be respondent's separate property.

Appellant recognizes that our statutory scheme presumes "[a]ll property of the husband . . . acquired by him . . . by gift, bequest, devise, . . . [to be] separate property." NRS 123.130(2). However, she claims the presumption should not apply where the bequest was made in remuneration for services rendered. Appellant mistakenly claims there are two species of gifts: those acquired under "onerous" title, and those acquired under "lucrative" title. By definition, onerous title is acquired where either spouse during marriage gains property through "labor or industry or other valuable consideration." DeFuniak & Vaughn, *Principles of Community Property,* § 62, 127 (2nd Ed. 1971) "[L]ucrative title, [however,] is that acquired through gift, succession, *inheritance* or the like." (Emphasis added.) *Ibid* at 128. Moreover, appellant has failed to present any authority where such a title distinction has been made when property is acquired by bequest. *Cf. Ibid* at § 70, pp. 157–160; Scott v. Ward, 13 Cal. 458 (1859). It is also clear appellant failed to prove Mrs. Kurtz's motivation for making the bequest. While it is true respondent managed Ideal Supply for Mrs. Kurtz, the district court was not required to infer from such facts that the bequest was made in remuneration for services. Therefore, the court was entitled to find the Ideal interest to be respondent's separate property.

2. Appellant additionally contends she was entitled to apportionment of the Ideal assets, because respondent continued to work at the company after he became owner. *See* Schulman v. Schulman, 92 Nev. 707, 558 P.2d 525 (1976); Johnson v. Johnson, 89 Nev. 244, 510 P.2d 625 (1973); *cf.* Bean v. Bank of America, 490 P.2d 257 (Cal. 1971); Van Camp v. Van Camp, 199 P. 885 (Cal.App. 1921); Pereira v. Pereira, 103 P. 488 (Cal. 1909). However, in order to apply the apportionment doctrine, appellant must again overcome the statutory presumption that "rents, issues, and profits" of separate property retain the same character. NRS 123.130(2). It was her burden to prove that respondent's labor, skill, and industry actually contributed to the increase in value of his separate property. Barrett v. Franke, 46 Nev. 170, 208 P. 435 (1922); *see also* Kelly v. Kelly, 86 Nev. 301, 468 P.2d 359 (1970). Testimony indicated respondent turned over active management of the business to Don Johnson in 1962. As owner, respondent worked less than eight hours a week, and did not participate in the day-to-day operations of the business. Moreover, business increases were primarily attributable to the tremendous growth in Clark County. Therefore, the district court made no error by finding that the rents, issues, and profits were also separate

property. *Cf.* In Re Ney's Estate, 28 Cal.Rptr. 442 (Cal.App. 1963); Cozzi v. Cozzi, 183 P.2d 739 (Cal.App. 1947).

3. Finally, we perceive no abuse of discretion by the district court in refusing to set aside respondent's separate property for support; in awarding $1,000 per month alimony with cost of living increases; and in refusing appellant's request for $18,000 in attorney's fees. NRS 125.150, *cf.* Buchanan v. Buchanan, 90 Nev. 209, 523 P.2d 1 (1974); Fletcher v. Fletcher, 89 Nev. 540, 516 P.2d 103 (1973); Sargeant v. Sargeant, 88 Nev. 223, 495 P.2d 618 (1972).

Affirmed.