CAROLYN L. BURR, Appellant and Cross–Respondent v. CLARENCE . C. BURR, Jr., Respondent and Cross–Appellant.

No. 11086

May 30, 1980                                        611 P.2d 623

*Guild, Hagen & Clark,* and *Thomas J. Hall,* Reno, for Appellant and Cross-Respondent.

*Smith & Gamble,* Carson City, for Respondent and Cross-Appellant.

## OPINION

By the Court, GUNDERSON, J.:

The trial court first entered a "decree of divorce" in November of 1977, and, in June of 1978, entered a "final" decree which distributed community property and ordered respondent to provide health insurance for the parties' minor child. The trial court also ordered the parties to bear their own attorneys' fees and costs. Carolyn, the wife, appeals from the order that she pay her own attorneys' fees, and from provisions of the second decree which fixed the value of the parties' house at

$59,000 and Carolyn's equity at $22,000. Clarence appeals provisions requiring health insurance for the child.

Carolyn, plaintiff below, alleged there was community property, principally consisting of a house in Minden, Nevada. Trial commenced October 28, 1977. At the conclusion of the evidence, Carolyn's attorney sought to amend her complaint to ask attorneys' fees. The trial judge reserved decision on her motion, but announced himself ready to grant a decree of divorce to Carolyn, to award custody of the child, and to set child support. He indicated, however, that he would not decide the issues relating to community property or visitation at that time. Accordingly, Carolyn's attorney prepared a "decree," filed November 2, terminating the marriage, but reserving the questions indicated. In June of 1978, the judge entered the decree from which appeal is taken.

1. By motion for new trial, for the first time, Carolyn presented evidence which indicated the value of the parties' house had increased to approximately $70,000. In our view, this claim must be considered belated, inasmuch as it might have been discovered and proffered, prior to the court's decision, by a motion to reopen the case for additional evidence. *See* NRCP 59(a)(4).

2. Carolyn's second argument is likewise without merit. An award or denial of attorneys' fees in divorce proceedings lies within the sound discretion of the trial judge and, absent evidence of abuse, the trial court's determination will not be disturbed on appeal. Sogge v. Sogge, 94 Nev. 88, 575 P.2d 590 (1978). Cases cited to support Carolyn's related argument, that the trial court erred by failing to state reasons for the denial of fees, are cases decided pursuant to NRS 18.010, not NRS 125.150. *Cf.* Jones v. Jones, 86 Nev. 879, 478 P.2d 148 (1970) and Lyon v. Walker Boudwin Constr. Co., 88 Nev. 646, 503 P.2d 1219 (1972). The order that each party pay his or her own fees and costs is affirmed.

3. Clarence's contention that the trial court could not modify the November decree to include additional provisions for care and maintenance of the minor child is without merit. The trial judge may make further orders relating to care and support of a minor child while an action is pending. NRS 125.140(2). We find no abuse of discretion.

Clarence's motion for fees pursuant to NRAP 38 and NRAP 39 is denied. The appeal is neither frivolous nor a misuse of the processes of this court.

Affirmed.

MOWBRAY, C. J., and THOMPSON and MANOUKIAN, JJ., and FORMAN, D. J.[1], concur.