ROBERT C. ROGGEN, APPELLANT, v.
ROBERTA ROGGEN, RESPONDENT.

No. 11463

August 18, 1980                    615 P.2d 250

*Wiener, Goldwater & Waldman,* Las Vegas, for Appellant.

*Bell, Leavitt & Green,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

When the parties to this divorce action moved to Nevada, they purchased a condominium in Mrs. Roggen's name. Thereafter, Mrs. Roggen filed for divorce, claiming the Regency Towers condominium as her sole and separate property, and seeking distribution of the parties' community property.

Mr. Roggen takes this appeal from provisions of the divorce decree confirming the condominium as Mrs. Roggen's sole and separate property and valuing the parties' businesses at $334,641. He seeks a new trial to establish the value of the businesses, arguing that trial court relied upon stale financial and business records and failed to consider declining market conditions.

Clear and certain proof is required to rebut the presumption that property acquired during marriage is community property. Burdick v. Pope, 90 Nev. 28, 518 P.2d 146 (1974); Zahringer v. Zahringer, 76 Nev. 21, 348 P.2d 161 (1960); Carlson v. McCall, 70 Nev. 437, 271 P.2d 1002 (1954); Petition of Fuller, 63 Nev. 26, 159 P.2d 579 (1945). The record reflects that Mr. Roggen told his housekeeper and a former business associate that he had made a gift of the condominium to Mrs. Roggen. Although Mr. Roggen denied making statements attributed to him, Mrs. Roggen's claims are supported by Mr. Roggen's handwritten memorandum to her and the fact that title was taken in her name only. Whether Mrs. Roggen produced clear and convincing evidence that the condominium was a gift sufficient to overcome the presumption was for the trial court, Zahringer v. Zahringer, cited above, and there is substantial evidence to support the trial court's decision. Kelly v. Kelly, 86 Nev. 301, 468 P.2d 359 (1970). We affirm that portion of the judgment.

2. We believe that appellant's arguments as to valuation of the businesses are belated. Appellant could have presented at trial the evidence he now seeks to bring before the court. *Cf.* Burr v. Burr, 96 Nev. 480, 611 P.2d 623 (1980). There is substantial evidence in the record to support the trial court's valuation. It is not the duty of a reviewing court to instruct the trier of facts as to which witnesses, and what portions of their testimony, are to be believed. Carlson v. McCall, cited above.

The judgment is affirmed.