BYRON D. SLY, APPELLANT, *v.* AUDRIA
M. SLY, RESPONDENT.

No. 14526

April 24, 1984                    679 P.2d 1260

*Theodore J. Schroeder,* Reno, for Appellant.

*Susan J. Haveson,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment dividing property in an action for divorce, and from an order denying appellant's motion to amend the judgment or, in the alternative, for a new trial. Below, each party claimed that a community property interest had been created in the other's separate real property by virtue of community assets contributed to the purchase or improvement of these properties. Because we are unable to discover a basis in the record for the property division ordered by the district court, we reverse and remand for a new trial.

At the time of their marriage in March of 1976, appellant and respondent each owned real property. Appellant had a separate home located on Model Way in Reno and a parcel of unimproved land on Acquifer in Lemmon Valley. Respondent owned a residence on Probasco Way in Sparks.

During the marriage, the couple lived in respondent's home on Probasco. Monthly mortgage payments were made on that property throughout the marriage. The primary source of these payments was apparently the proceeds from a crafts business operated by respondent. This business had been purchased after the marriage with joint funds.

Sometime in autumn of 1978, the couple had a disagreement with respect to the operation of the business. At that time, appellant closed the couple's personal savings account, removing the entire balance. Although the record is not clear on this point, respondent apparently received a similar amount from the business accounts.

Appellant subsequently commenced construction of a dwelling house upon his unimproved lot on Acquifer. Since he is a carpenter, he performed most of the labor himself. Funds for materials used in the construction apparently came from a number of sources, including the money withdrawn from the savings account and proceeds from the sale of his separate property residence on Model Way. There was also testimony during trial that appellant used some of his wages to buy building supplies.

In its decision, the trial court made a general finding that both parties' separate property had been improved with com-

munity assets. The community interest in appellant's Acquifer residence was calculated by adding the value of his labor plus the value of the building materials used in construction and subtracting a certain amount which the court found appellant owed his brother for labor. No compensable community property interest was found to exist in respondent's home on Probasco. The court additionally found that the crafts business had been transmuted from community property to respondent's separate property by the division of the bank accounts which occurred in the fall of 1978.

The issues before us on appeal are whether the court erred in its calculation of the community interest in appellant's property and in failing to find any community interest in respondent's property. Since neither party has appealed the determination that the business had been transmuted into respondent's separate property, that issue is not properly before us. *See* Stojanovich v. Stojanovich, 86 Nev. 789, 792, 476 P.2d 950, 952 (1970).

Appellant first contends that the court below erred in not specifying the community property interest in respondent's home on Probasco and in not compensating him for his share of this interest. We agree.

Where part of the purchase price of one spouse's separate property is paid with community funds, the community acquires a pro tanto interest in the property to the extent and in the proportion that the purchase price is contributed by the community. *See* Barrett v. Franke, 46 Nev. 170, 208 P. 435 (1922). The evidence before the court clearly indicated that at least some of the mortgage payments on respondent's home had been paid with community property funds, i.e., the profits of the business before it had been transmuted to separate property.[1] "While the lower court is vested with broad discretion in

---

[1] As we have already noted, the propriety of the determination that the business had been transmuted is not before us. Therefore, we express no opinion as to its validity. We simply note that before the transmutation the business was unquestionably community property. Profits from a community business are themselves community property. NRS 123.220. Appellant, in his motion for a new trial, attempted to put his check register into evidence in order to demonstrate that some of the mortgage payments had been made by him with his salary. With respect to this offered evidence, it should be noted that appellant must overcome the presumption that these payments were intended as gifts to respondent's separate estate. *See* Lombardi v. Lombardi, 44 Nev. 314, 195 P. 93 (1921) (expenditure by husband in improving wife's separate property is presumed to be a gift).

dividing community property, Herzog v. Herzog, 69 Nev. 286, 249 P.2d 533 (1952), there must be a clearly expressed reason in what manner, for what purpose, and for whose benefit that division is made. The general rule announced by this court is 'Equal distribution of the community property appears to be the rule in most cases.' '' Stojanovich v. Stojanovich, 86 Nev. 789, 793, 476 P.2d 950, 953 (1970). Here, the lower court gave no reasons, nor is there any apparent justification on the record, for ignoring appellant's community property interest in respondent's home.

Appellant further contends that the court erred in computing the community property interest in his house on Acquifer and in attaching any community interest to the labor he expended in building the house. We agree that the record demonstrates an inconsistency in the trial court's method of calculating the community interest in this property, but disagree with appellant's argument that his labor is not a community asset. The lower court's decision indicated that it had identified several separate property sources of funds with which materials for the house were purchased. There was no evidence before the court that more than those sums identified as appellant's separate property had been used for materials. Nevertheless, in its final computation, the court apparently recharacterized these funds as community property. We are unable to find support in the record for the court's inconsistent findings with respect to the characterization of these funds. ''Just as the findings of the trial court will be sustained on the appellate level if they are supported by substantial evidence . . . they will be reversed if they are not.'' Todkill v. Todkill, 88 Nev. 231, 238, 495 P.2d 629, 633 (1972).

As noted, however, appellant's further argument that no community interest was created in the property by virtue of his labor is meritless. The labor and skills of a spouse belong to the community. Ormachea v. Ormachea, 67 Nev. 273, 297, 217 P.2d 355, 467 (1950). The fact that appellant built the house in addition to working at his ''regular'' job is of no consequence.

It is within the province of the district court on retrial to make the appropriate factual determinations of the community interest in both parties' properties as of the date of dissolution. In this regard, any additional evidence concerning this issue or the proper allocation of these interests, or the remainder of the community property, between the spouses should be accepted.

Under ordinary circumstances, we would remand this case to the district court for appropriate findings and an amendment of the judgment. However, here, the district judge who presided over the original trial is no longer serving on the district court bench. Accordingly, we reverse and remand for a new trial on all issues respecting the division of the couple's community property. *See* Luciano v. Diercks, 97 Nev. 637, 640, 637 P.2d 1219, 1221 (1981).