WILLIAM FRANCIS VERHEYDEN, APPELLANT, v. WINIFRED CAMILLE VERHEYDEN, RESPONDENT.

No. 18214

July 14, 1988                    757 P.2d 1328

*Eva Garcia,* Las Vegas, for Appellant.

*Morse & Mowbray,* and *Christopher R. McCullough,* Las Vegas, for Respondent.

## OPINION

*Per Curiam*[1]:

Appellant William Verheyden claims that the district court erred in two respects: (1) by awarding to his wife, respondent Camille, a $19,125.00 interest in a residence owned by him as his separate property; and (2) by awarding to Camille, on the ground that it was a gift from William, the 1982 Honda automobile jointly owned by the parties. We agree with William and reverse the trial court's judgment with respect to both the house and the car.

### The House

The house in question, located at 4861 Santa Barbara Street, Las Vegas, was acquired by William in January 1981, before he married Camille. He took title to the house in an exchange transaction in which he traded another less valuable house to his sister, Lillian. To make up for the difference in value, William

---

[1]THE HONORABLE JOHN MOWBRAY, Justice, has voluntarily disqualified himself from consideration of this case.

cancelled a debt owed to him by his sister in the amount of $30,000.00.

Since William owned the Santa Barbara Street house prior to his marriage to Camille, and since there is no evidence that William intended to transmute the house to community property, the house is William's separate property. *See* NRS 123.130. Camille argues, however, that the community acquired an interest in the Santa Barbara Street house by (1) contributing to its purchase price, and (2) by contributing to improvements made on the house. We are unpersuaded by either argument.

We deal first with Camille's argument that the community acquired an interest in the Santa Barbara Street house by contributing to its purchase price. In Sly v. Sly, 100 Nev. 236, 239, 679 P.2d 1260, 1262 (1984), we wrote that "[w]here part of the purchase price of one spouse's separate property is paid with community funds, the community acquires a pro tanto interest in the property to the extent and in the proportion that the purchase price is contributed by the community." *See also* Robison v. Robison, 100 Nev. 668, 691 P.2d 451 (1984); Barrett v. Franke, 46 Nev. 170, 208 P. 435 (1922). In the present case, the record fails to support Camille's contention that the community contributed to the purchase price of the Santa Barbara Street house. It is undisputed that William acquired the Santa Barbara Street house prior to his marriage in an exchange agreement with his sister. This exchange was accomplished by quitclaim deeds. No purchase money mortgage was created on which the community made payments. Had there been such a purchase money mortgage on the Santa Barbara Street house, and had Camille been able to prove that the principal on that mortgage was reduced by payments made with community funds, her position that the community acquired a pro tanto interest in the marital residence would be tenable. Such is not the case, however.[2]

---

[2]Apparently William's sister continued to make monthly mortgage payments on the Santa Barbara Street house after the exchange, while William and Camille continued to make monthly mortgage payments on the house William traded his sister. According to Camille, each month she and William additionally paid William's sister the difference between the two mortgage payments, money which William's sister presumably applied to the mortgage on the Santa Barbara Street house.

We are not oblivious to Camille's argument that the community *indirectly* contributed to the purchase price of the Santa Barbara Street house by continuing to make monthly mortgage payments on the less valuable house William traded his sister and by paying William's sister the difference between the mortgage payments on the two houses. Nevertheless, we decline to extend *Sly* to the circumstances of the present case since it cannot be said

Camille's second argument, that the community acquired an ownership interest in the Santa Barbara Street house by virtue of the improvements that were made on the property during the marriage, fails for two reasons: First, the record fails to provide substantial evidence that these improvements were made from community funds rather than from William's separate funds. Second, there is no evidence in the record that these improvements increased the value of the house. To the contrary, it appears that the expenditures that were made on the house were merely for routine maintenance.

Given the absence of substantial evidence in the record to support the trial court's award to Camille of an interest in William's house on Santa Barbara Street, we are compelled to reverse.[3] *See* Todkill v. Todkill, 88 Nev. 231, 238, 495 P.2d 629, 633 (1972) (findings of trial court will be reversed if unsupported by substantial evidence).

### The Automobile

The trial court found that William made a gift to Camille of the 1982 Honda automobile owned by the parties. William testified

---

that the community directly contributed to the purchase price of that particular separate property in which the community seeks to establish an ownership interest. The extra money that the community paid William's sister does not affect this conclusion as it is uncertain that the sister actually applied the money to reducing the principal on the mortgage on the Santa Barbara Street house.

[3]As stated above, the trial court incorrectly concluded that the community had acquired a pro tanto interest in William's separate property house on Santa Barbara Street. Additionally, the trial court was incorrect in finding that the Santa Barbara Street house had appreciated in value by $38,250.00 during the marriage. The trial court obtained this figure by first concluding that the value of the Santa Barbara Street house at the time of the exchange was $45,000.00. The trial court then subtracted $45,000.00 from $83,250.00, the appraised value of the same property at the time of the divorce, to arrive at the $38,250.00 figure for the community's interest.

We believe that the trial court's valuation of the Santa Barbara Street house at $45,000.00 at the time of the exchange was clearly erroneous in light of undisputed expert testimony that the value of the house in 1981 was $84,000.00 and that property values in the area in which the house was located had actually decreased during the period William and Camille were married. In reaching its decision that the value of the Santa Barbara Street house was only $45,000.00 at the time of the exchange, the trial court was apparently disturbed by evidence that William did not report the cancellation of the $30,000.00 debt owed to him by his sister in his tax returns. On this basis, the trial court disregarded the cancellation of the $30,000.00 debt and concluded that the value of the Santa Barbara Street house was simply that of the house that William had traded for it, which, by William's estimate, was $45,000.00.

that the 1982 Honda was purchased during the marriage. "Clear and certain proof is required to rebut the presumption that property acquired during marriage is community property." Roggen v. Roggen, 96 Nev. 687, 689, 615 P.2d 250, 250 (1980).

Camille testified that when she and William bought the Honda in June of 1982, William told her it was a gift to her. Camille also stated that the Honda had always been referred to as "her car." Camille explained that William's name appeared on the title with hers only because she wanted William to have the automobile if something happened to her.

Nevertheless, the mere oral expression by a spouse that an automobile purchased during the marriage is a "gift" to the other spouse does not attain the level of clear and certain proof necessary to overcome the presumption of community property. *See* Milisich v. Hillhouse, 48 Nev. 166, 228 P. 307 (1924) ("mere naked statement" that automobile purchased during marriage was a gift fails to overcome community property presumption). Similarly, the opinion of either spouse is of no weight in determining whether property is community or separate. Bank v. Milisich, 52 Nev. 178, 283 P. 913 (1930). Thus, the trial court's finding—that the presumption of community property was overcome by clear and certain proof—is unsupported by substantial evidence and must be reversed.[4] *See Todkill,* 88 Nev. at 238, 495 P.2d at 633.

The judgment and decree granting respondent Winifred Camille Verheyden a $19,125.00 interest in William's separate property, the residence located at 4861 Santa Barbara Street, is reversed. The judgment and decree awarding to respondent Winifred Camille Verheyden the parties' 1982 Honda automobile as a gift from William to Camille is reversed. The case is remanded to the trial court for entry of a decree in accordance with this reversal.

---

[4]We also point out that NRS 123.220(1) requires an agreement in writing between the spouses to transmute community property to the separate property of either spouse. NRS 123.220(1).