SMITH'S FOOD KING NO. 1 AND SMITH'S MANAGEMENT CORPORATION, APPELLANTS, *v.* SANFORD AND RITA HORNWOOD, RESPONDENTS.

No. 22602

August 28, 1992                    836 P.2d 1241

[Rehearing denied November 3, 1992]

*Jolley, Urga, Wirth & Woodbury,* Las Vegas, for Appellants.

*Marquis & Aurbach,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This case has come before this court on two previous occasions; hence, the facts are well known. *See* Hornwood v. Smith's Food King, 105 Nev. 188, 772 P.2d 1284 (1989); Hornwood v. Smith's Food King, 107 Nev. 80, 807 P.2d 208 (1991). Respondents, Rita and Sanford Hornwood ("the Hornwoods"), leased space in their shopping center to appellant, Smith's Food King ("Smith's"), with the understanding that Smith's would serve as the shopping center's "anchor" tenant. Prior to the expiration of Smith's lease, however, it vacated the premises. Subsequently, the Hornwoods filed suit against Smith's for breach of an implied covenant of continuous occupancy, requesting damages for the diminished value of their shopping center.

At a trial held before Judge White, experts for both parties presented evidence regarding the diminished value of the shopping center caused by Smith's vacancy. The Hornwoods' expert testified that the shopping center had decreased in value by $1,425,000.00; Smith's expert, however, testified that the shopping center had not decreased in value or, alternatively, that it had decreased by only $216,000.00. Although Judge White found

that Smith's had breached its covenant of continuous occupancy, he determined that any damages for the diminished value of the center were unforeseeable and thus awarded no damages to the Hornwoods based on diminution in value. Because Judge White found that these damages were not foreseeable, he made no definitive findings regarding the amount of these damages.[1]

On appeal, this court reversed the trial court's judgment, holding that damages for the diminished value of the shopping center were, in fact, foreseeable, and remanded the case with instructions to award damages for the diminished value of the center. On remand, Judge White applied the wrong damage formula and, as a result, he issued erroneous findings regarding the Hornwoods' damages.[2] Consequently, the Hornwoods appealed again. Thereafter, this court remanded the case to the trial court a second time with explicit instructions regarding the applicable damage formula.

Prior to the second remand, Judge White, who lost his re-election bid, was replaced by Judge Bongiovanni. Although Judge Bongiovanni did not preside at trial, he entered a $1,425,000.00 judgment for the Hornwoods, without holding an evidentiary hearing.

On appeal, Smith's contends that under NRCP 63,[3] Judge Bongiovanni was required to conduct an evidentiary hearing before rendering his decision. We agree. NRCP 63 states that a judge who replaces the original trial judge *after the original judge has filed findings of fact and conclusions of law* has the discretion to grant a new trial. Hence, by negative inference, under NRCP 63, a successor judge is required to re-hear disputed evidence if the original trial judge has not issued findings of fact and conclusions of law. The rationale behind the rule is to prevent judges

---

[1] In his findings of fact, Judge White merely noted the following: "Testimony from two expert witnesses presented by the Hornwoods placed the decrease in value of the shopping center property after Smith's moved out at more than $1 million. The defense presented expert testimony that the center did not decrease in value after the move out."

[2] Judge White found that the Hornwood's had offered no evidence according to the damage formula that the judge erroneously applied.

[3] NRCP 63 states:

If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court on which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

from passing judgment on the credibility of witnesses they have not seen.

Although there are no Nevada cases expressly interpreting NRCP 63, in Sly v. Sly, 100 Nev. 236, 679 P.2d 1260 (1984), we noted that a new trial is necessary when a trial judge is replaced by a successor judge and the original judge made no competent findings of fact. In *Sly,* the district court made inconsistent findings regarding the Slys' community property. Consequently, we reversed the district court's decision. Because the case was sent to a new judge on remand, we instructed the successor judge to conduct a new trial on all issues pertaining to the Slys' community property.

Also, under the former FRCP 63, identical to NRCP 63, the federal courts have interpreted the rule to require a new trial if the original trial judge failed to issue findings of fact.[4] *See* Emerson Electric Co. v. General Electric, 846 F.2d 1324, 1325-26, (11th Cir. 1988) ("Courts, however, have read into Rule 63 the negative inference that if the presiding judge in a civil case has yet to issue his findings of fact and conclusions of law, a successor judge must retry the case."); Townsend v. Gray Line Bus Co., 767 F.2d 11, 17 (1st Cir. 1985) ("If the presiding judge in a civil case dies or becomes disabled before the rendering of a verdict or before the judge issues his findings of fact and conclusions of law, a successor judge must retry the case."); Thompson v. Sawyer, 678 F.2d 257 (D.C.Cir. 1982) ("If the trial judge in a non-jury trial becomes disabled before filing findings of fact and conclusions of law, a new trial is probably obligatory.").

As noted above, Judge White made no relevant findings of fact indicating the amount of damages suffered by the Hornwoods. Consequently, when Judge Bongiovanni rendered his decision, he passed judgment on the credibility of witnesses whom he had never seen. We therefore conclude that, under NRCP 63, Judge Bongiovanni erred when he failed to hold an evidentiary hearing. Although Smith's has raised other contentions on appeal, we conclude that they lack merit. We thus reverse the district court's

---

[4]In 1991, FRCP 63 was amended; the new federal rule permits a successor judge to proceed without a new trial, even if findings of fact and conclusions of law have not been filed, if that judge certifies familiarity with the record and determines that the case may be completed without prejudice to the parties. The new FRCP 63, however, states that "[i]n a hearing or trial without a jury, the successor judge shall at the request of a party recall any witness whose testimony is material and disputed and who is available to testify again without undue burden." Hence, even if Nevada had a rule similar to the new federal rule, Judge Bongiovanni would be compelled to re-hear the expert testimony since the evidence was disputed and Smith's requested a new evidentiary hearing.

judgment and remand this case for an evidentiary hearing on the issue of damages.

MOWBRAY, C. J., SPRINGER, ROSE and YOUNG, JJ., and CARNAHAN, D. J.,[5] concur.