IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE COLMAN
FAMILY REVOCABLE LIVING TRUST,
DATED JUNE 23, 2011, A NON-
TESTAMENTARY TRUST.

PAUL VALER COLMAN; AND THE
COLMAN FAMILY REVOCABLE
LIVING TRUST, DATED JUNE 23,
2011, A NON-TESTAMENTARY TRUST,
Appellants,
vs.
TONYA COLLIER,
Respondent.

No. 76950

FILED

JAN 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order confirming a probate commissioner's report and recommendation in a trust matter. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.[1]

Decedent Chari Colman purchased the property at issue before she married appellant Paul Colman, and the couple lived there after marrying. During the marriage, Chari transferred the property into their family trust but did not change its status as her separate property. The trust named Paul and Chari as its primary beneficiaries and provided that, after both of their deaths, respondent Tonya Collier was the beneficiary of

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-03341

the subject property. One month before Chari's death, Paul and Chari divorced, but they continued to live together on the property. After Chari's death, and based on NRS 111.781, Collier filed a petition in district court seeking to confirm her status as beneficiary to the property. Paul objected to Collier's petition, but the probate commissioner found that Collier was the vested beneficiary of the real property and that the property should be distributed to her. The district court adopted the commissioner's findings over Paul's objection and ordered the property transferred to Collier. Paul now appeals. Reviewing de novo, *see In re Estate of Bethurem*, 129 Nev. 869, 876, 313 P.3d 237, 242 (2013), we affirm.

Paul first challenges the district court's application of NRS 111.781, which provides that any revocable dispositions of property to a former spouse are automatically revoked upon divorce.[2] Specifically, he asserts that Chair did not know of the statute and that she did not intend to remove him as the beneficiary to the property when they divorced. But, upon a couples' divorce, NRS 111.781 explicitly revokes any revocable disposition made by one spouse to the other spouse before the divorce,

---

[2]We decline to consider Paul's constitutional challenge to NRS 111.781, raised for the first time on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."); *see also Mason v. Cuisenaire*, 122 Nev. 43, 48 n.7, 128 P.3d 446, 449 n.7 (2006) (recognizing that the court may, but is not required to, address constitutional arguments raised for the first time on appeal).

including those made in a trust. *See* NRS 111.781(1)(a)(1); NRS 164.960 (explaining that NRS 111.781 applies to transfers of property made pursuant to a trust). *Compare Redd v. Brooke*, 96 Nev. 9, 12, 604 P.2d 360, 362 (1980) (holding that "explicit language in a divorce decree [is required] to divest a former spouse of his or her rights as a designated beneficiary"), *with* NRS 111.781(1)(a)(1) (2011) (creating an automatic revocation of certain dispositions made by one spouse to another upon divorce unless certain exceptions apply).

We also reject Paul's argument that, if NRS 111.781 applies, it invalidates the entire trust, including Collier's interest in the property. NRS 111.781(3) provides that, upon revocation of the disposition to the former spouse, the remaining trust provisions are given effect as if the former spouse had disclaimed his or her interest or died immediately before the divorce.

Having considered the parties' arguments and the record on appeal, we further conclude that substantial evidence supports the finding that the property remained Chari's separate property throughout the marriage. *See Estate of Bethurem*, 129 Nev. at 876, 313 P.3d at 242 (explaining that this court will uphold the district court's findings of fact if they are supported by substantial evidence). Indeed, there was no evidence that either Paul or community funds contributed to the purchase of the property or any improvements that increased the value of the home. *See* NRS 123.130 (explaining that property owned by a wife before the marriage is her separate property); *see also Verheyden v. Verheyden*, 104 Nev. 342, 344, 757 P.2d 1328, 1330 (1988) (holding that where there was no evidence that community funds were used toward the purchase price or to make

improvements that increased the home's value, the property maintained its separate nature).

Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Pickering

_____, J.
Gibbons

_____, Sr. J.
Douglas

cc:   Hon. Gloria Sturman, District Judge
      Persi J. Mishel, Settlement Judge
      TCM Law
      Rushforth Lee & Kiefer LLP
      Eighth District Court Clerk

---

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.