136 Nev., Advance Opinion 13

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE COLMAN
FAMILY REVOCABLE LIVING TRUST,
DATED JUNE 23, 2011, A NON-
TESTAMENTARY TRUST.

No. 76950

---

PAUL VALER COLMAN; AND THE
COLMAN FAMILY REVOCABLE
LIVING TRUST, DATED JUNE 23,
2011, A NON-TESTAMENTARY TRUST,
Appellants,
vs.
TONYA COLLIER,
Respondent.

**FILED**

APR 0 2 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
      DEPUTY CLERK

Appeal from a district court order confirming a probate commissioner's report and recommendation in a trust matter. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

*Affirmed.*

TCM Law Group and Thomas C. Michaelides, Las Vegas,
for Appellants.

Rushforth Lee & Kiefer LLP and Daniel P. Kiefer and Matthew W. Park, Las Vegas,
for Respondent.

---

BEFORE PICKERING, C.J., GIBBONS and HARDESTY, JJ.

20-12541

By the Court, PICKERING, C.J.:

Appellant Paul Colman appeals a district court decision concluding that a secondary beneficiary is entitled to property in a trust created by Paul and decedent Chari Colman, Paul's ex-wife. While married, Paul and Chari lived in a home Chari owned as her separate property. Chari later transferred the property to the trust via a quitclaim deed, but did not change its status as her separate property. One month after Chari and Paul divorced, Chari died and respondent Tonya Collier sought to confirm her status as beneficiary of the property under the trust, asserting that the divorce precluded any disposition of the property to Paul. In this appeal, we are tasked with determining whether NRS 111.781, governing the effects of divorce on nonprobate transfers of property, automatically revoked Paul's interest in the property. Because the plain language of NRS 111.781(1) automatically revokes any revocable disposition from one spouse to another upon divorce, we affirm the district court order transferring the property to Collier.

## FACTUAL AND PROCEDURAL BACKGROUND

Decedent Chari Colman purchased the property at issue before she married appellant Paul Colman, and the couple lived there after marrying. During the marriage, Chari transferred the property into their family trust but did not change its status as her separate property. The trust named Paul and Chari as its primary beneficiaries and provided that, after both of their deaths, respondent Tonya Collier was the beneficiary of the subject property. One month before Chari's death, Paul and Chari

---

[1]We previously resolved this case by unpublished order but then granted respondent's motion to publish the decision as an opinion.



divorced, but they continued to live together on the property. After Chari's death, and based on NRS 111.781, Collier filed a petition in district court seeking to confirm her status as beneficiary to the property. Paul objected to Collier's petition, but the probate commissioner found that Collier was the vested beneficiary of the real property and that the property should be distributed to her. The district court adopted the commissioner's findings over Paul's objection and ordered the property transferred to Collier.

## DISCUSSION

This court reviews a district court's legal determinations, including matters of statutory interpretation, de novo. *In re Frei Irrevocable Tr.*, 133 Nev. 50, 52, 390 P.3d 646, 649 (2017). We "will not disturb a district court's findings of fact if they are supported by substantial evidence," *In re Estate of Bethurem*, 129 Nev. 869, 876, 313 P.3d 237, 242 (2013), which is "evidence that a reasonable mind might accept as adequate to support a conclusion," *id.* (quoting *Winchell v. Schiff*, 124 Nev. 938, 944, 193 P.3d 946, 950 (2008)). Paul challenges the district court's application of NRS 111.781, asserting that Chari did not know of the statute and that she did not intend to remove him as the beneficiary to the property when they divorced.[2]

NRS 111.781 provides that unless "otherwise provided by the express terms of a governing instrument," any revocable dispositions of property to a former spouse, including those made pursuant to a trust, are

---

[2]We decline to consider Paul's constitutional challenge to NRS 111.781, raised for the first time on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."); *see also Mason v. Cuisenaire*, 122 Nev. 43, 48 n.7, 128 P.3d 446, 449 n.7 (2006) (recognizing that the court may, but is not required to, address constitutional arguments raised for the first time on appeal).

 

automatically revoked upon divorce. *See* NRS 111.781(1)(a)(1); NRS 164.960 (explaining that NRS 111.781 applies to transfers of property made pursuant to a trust). *Compare Redd v. Brooke*, 96 Nev. 9, 12, 604 P.2d 360, 362 (1980) (holding that "explicit language in a divorce decree [is required] to divest a former spouse of his or her rights as a designated beneficiary"), *with* NRS 111.781(1)(a)(1) (creating an automatic revocation of certain dispositions made by one spouse to another upon divorce unless certain exceptions apply). Because there was no other governing instrument demonstrating Chari's intent to the contrary, the district court did not err by applying NRS 111.781 and concluding that it required revocation of Paul's interest in the property.

We also reject Paul's argument that, if NRS 111.781 applies, it invalidates the entire trust, including Collier's interest in the property. NRS 111.781(3) provides that, upon revocation of the disposition to the former spouse, the remaining trust provisions are given effect as if the former spouse had disclaimed his interest. Accordingly, the district court did not err by affirming the remaining terms of the trust.

Having considered the parties' arguments regarding transmutation and the record on appeal, we further conclude that substantial evidence supports the finding that the property remained Chari's separate property throughout the marriage. *See Estate of Bethurem*, 129 Nev. at 876, 313 P.3d at 242 (explaining that this court will uphold the district court's findings of fact if they are supported by substantial evidence); *Sprenger v. Sprenger*, 110 Nev. 855, 858, 878 P.2d 284, 286 (1994) ("Transmutation from separate to community property must be shown by clear and convincing evidence."). Indeed, there was no evidence that either Paul or community funds contributed to the purchase

SUPREME COURT
OF
NEVADA

(O) 1947A

of the property or any improvements that increased the value of the home. *See* NRS 123.130 (explaining that property owned by a wife before the marriage is her separate property); *see also Verheyden v. Verheyden*, 104 Nev. 342, 344-45, 757 P.2d 1328, 1330-31 (1988) (holding that where there was no evidence that community funds were used toward the purchase price or to make improvements that increased the home's value, the property maintained its separate nature). This argument therefore does not warrant reversal.

Based on the foregoing, we affirm the judgment of the district court.

_____ , C.J.
Pickering

We concur:

_____ , J.
Gibbons

_____ , J.
Hardesty