140 Nev., Advance Opinion 17

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT M. DRASKOVICH,
Appellant/Cross-Respondent,
vs.
LAURINDA F. DRASKOVICH,
Respondent/Cross-Appellant.

No. 84998



FILED

MAR 21 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

Appeal and cross-appeal from a district court decree of divorce. Eighth Judicial District Court, Family Division, Clark County; Bryce C. Duckworth, Judge.

*Reversed in part, vacated in part, and remanded.*

The Pariente Law Firm, P.C., John Glenn Watkins and Michael D. Pariente, Las Vegas,
for Appellant/Cross-Respondent.

Law Offices of F. Peter James, Esq., and F. Peter James, Las Vegas,
for Respondent/Cross-Appellant.

---

BEFORE THE SUPREME COURT, CADISH, C.J., and STIGLICH and PICKERING, JJ.

## OPINION

By the Court, CADISH, C.J.:

In this divorce case, we consider whether a law firm, established by one spouse before the marriage and incorporated under a different name during the marriage, constitutes that spouse's separate

 

24-09993

property. We hold that the district court erred in determining that the law firm was entirely community property because the uncontested evidence demonstrated that, even after incorporation, it was a continuation of the spouse's original, separate property law practice, and thus, the presumption of community property does not properly apply. Further, because the district court refused to award alimony based in part on its erroneous community property determination, we necessarily vacate that ruling and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

Appellant/cross-respondent Robert Draskovich has been practicing criminal law since 1997. At the time he and respondent/cross-appellant Laurinda Draskovich married in 2012, he was a partner at Turco & Draskovich (T&D) with a 65% ownership stake in the firm. At T&D, Robert and the only other partner were paid separately for the work they each performed, and each partner maintained his own staff and clients, although they shared a bank account and paid taxes together. Laurinda brought no significant financial assets to the marriage and was a homemaker throughout the marriage.

In December 2018, T&D dissolved, and the next month, Robert incorporated the Draskovich Law Group (DLG) as his wholly owned corporation. Robert later offered uncontested testimony that DLG was "the very same practice" as his share of T&D. Robert kept the same office location, as well as his clients, staff, assets, and practices, after the incorporation and stated that he changed only the letterhead and the name stickers on the firm vehicles to match the name change of the firm. By the time Robert and Laurinda began divorce proceedings in 2022, DLG was worth approximately $1,210,000.

At trial, DLG was the primary asset in dispute. To analyze the value of DLG, Robert and Laurinda jointly retained a forensic accountant. The accountant determined the present value of DLG, but neither party asked her to determine the historic value of the practice. The accountant also noted during trial that she could not provide any valuation for a separate property share of DLG because neither party had engaged her to allocate the separate and community property interests.

After a two-day trial, the district court concluded that DLG was community property. The district court relied on the date of DLG's incorporation to find that DLG was acquired during the marriage and was thus presumptively community property under NRS 123.220. The district court then concluded that Robert had failed to overcome the community property presumption because he had not offered clear and convincing evidence regarding the value of any separate property interest in DLG, rendering the entire practice community property.

The district court also considered and rejected Laurinda's request for rehabilitative and periodic alimony. While the district court found that some factors supported alimony, the court did not award alimony at least in part because the court determined that the share of community assets distributed to Laurinda would provide sufficient support through passive income. Robert now appeals, and Laurinda cross-appeals.

During oral argument before this court, Laurinda's attorney conceded that T&D was separate property with a community property component and that had the divorce occurred in 2018, it would have been Laurinda's burden to show a community property share of T&D. Robert's counsel conceded during oral argument that DLG almost certainly did

SUPREME COURT
OF
NEVADA

(O) 1947A

3

contain some community property interest subject to at least some apportionment.

## DISCUSSION

Robert and Laurinda ask this court to consider DLG's status and the question of alimony, and we therefore consider only those two issues in this opinion and do not opine on the rest of the district court's judgment. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) (declining to consider issues not properly raised by the parties). We first address the division of DLG's value. In this, we consider the proper character of DLG as separate or community property. Concluding that Robert brought the business into the marriage with him, we hold that DLG is Robert's separate property, and the community property presumption does not apply. Yet, because the business may have grown owing to community resources, Laurinda must be given an opportunity to show a community portion of DLG by clear and convincing evidence such that the district court may have to apportion DLG between the separate and community property interests. Finally, we consider the question of alimony and conclude that, given the change in circumstances concerning the parties' community property, alimony must be reconsidered.

*DLG represents the continuation of T&D and is Robert's separate property*

"When reviewing a district court's determination of the character of property, this court will uphold the district court's decision if it was based on substantial evidence. However, we will review a purely legal question, such as the application of a presumption, de novo." *Waldman v. Maini*, 124 Nev. 1121, 1128, 195 P.3d 850, 855 (2008). We therefore review the district court's factual classification of DLG with deference but review the application of the community property presumption to DLG de novo.

With limited exceptions, Nevada law provides that "[a]ll property, other than that stated in NRS 123.130, acquired after marriage by either spouse or both spouses, is community property . . . ." NRS 123.220. We have held that any property acquired during the marriage is presumptively community property, and the spouse claiming such property as their separate property must prove their interest by clear and convincing evidence. *Pryor v. Pryor*, 103 Nev. 148, 150, 734 P.2d 718, 719 (1987). This presumption and burden also apply to entities created during the marriage from mixed community and separate funds. *See Moberg v. First Nat'l Bank of Nev.*, 96 Nev. 235, 237, 607 P.2d 112, 114 (1980) (presuming property purchased during the marriage with funds of uncertain origin was community property). By contrast, any property a spouse brings into a marriage, along with the "rents, issues and profits thereof," is that spouse's separate property. NRS 123.130; *see Smith v. Smith*, 94 Nev. 249, 251, 578 P.2d 319, 320 (1978).

Caselaw from this court and from California, which this court often looks to for principles of community property, shows that the date of incorporation is not the decisive factor in determining a property's character. Rather, the court must look to the totality of the circumstances to determine whether a business is an asset acquired during the marriage and thus presumptively community property, or merely a continuation of a pre-marriage enterprise and thus separate property. *Schulman v. Schulman*, a case involving a husband who owned a wholesale meat processor as a sole proprietorship for approximately 40 years before his marriage, is illustrative. 92 Nev. 707, 709, 558 P.2d 525, 526 (1976). Four years after marrying and continuing to run his business as a sole proprietorship, the husband incorporated the business, received all shares

of the newly incorporated business, and undertook operations expansions, but the essential nature and character of the business remained unchanged. *Id.* at 709, 558 P.2d at 526-27. We concluded apportionment between separate and community interests was necessary. *Id.* at 716-17, 558 P.2d at 530. In determining that the underlying business remained the husband's separate property, this court implicitly determined that the date of incorporation alone did not dictate the character of the property.

California has likewise declined to consider an act of incorporation as dispositive, opting instead to consider the essential character of the business in dispute. Take, for instance, *In re Marriage of Koester*, where a husband operated his business as a sole proprietorship before the marriage and incorporated the operation during the marriage. 87 Cal. Rptr. 2d 76, 79 (Ct. App. 1999). The court reasoned that the incorporation represented a mere change in "form or identity" and thus did not represent the acquisition of new property; all customers and accounts receivable were the same before and after the incorporation. *Id.* at 80. The court concluded that "[t]o say . . . that an asset was 'acquired' by the community . . . because some aspect of corporate formation took place during the marriage is to elevate semantics over substance." *Id.* at 81.

Here, in determining that DLG was community property, the district court relied exclusively on the fact that DLG was incorporated during the marriage. The district court deemed this single fact dispositive and characterized DLG as entirely community property by applying the community property presumption. That analysis was incorrect. We now expressly hold that district courts must consider the totality of the circumstances when determining whether a business represents the continuation of a pre-marriage enterprise.

The parties do not contest the salient circumstances present in this case. Robert testified that he operated functionally the same business before and after the change from T&D to DLG. All his assets, staff, pay, and clients remained the same when he practiced at T&D and at DLG. Robert remained in the same office location. His testimony established that he only changed the letterhead on his papers and the name on the firm vehicles to match the new name. As in *Schulman* and *In re Marriage of Koester*, this is unrebutted evidence that DLG was a continuation of Robert's interest in T&D—a mere change in form or identity of his share in T&D—rather than a new property acquisition. DLG is thus his separate property under the totality of the circumstances, and the district court erred by instead relying on the date of incorporation alone to apply the community property presumption. We therefore reverse the portion of the divorce decree pertaining to the DLG interests and remand for further proceedings as instructed below.

*Laurinda bears the burden to show a community portion of DLG*

Robert's business is likely not presently worth the same amount as it was at the time of his marriage to Laurinda in 2012. A business can increase in value over time from separate property input or from community property input. Where an increase in the value of a property stems from both, "that increase should be apportioned between separate and community property." *Johnson v. Johnson*, 89 Nev. 244, 246, 510 P.2d 625, 626 (1973). The "rents, issues, and profits" of separate property presumptively remain separate. *Smith*, 94 Nev. at 251, 578 P.2d at 320. Therefore, when a spouse claims that the increase in value of separate property is partially attributable to the community, that spouse must show clear and convincing evidence of the community share. *Kelly v. Kelly*, 86 Nev. 301, 310, 468 P.2d 359, 365 (1970) (citing, inter alia, *Barrett v. Franke*,

SUPREME COURT
OF
NEVADA

(O) 1947A

7

46 Nev. 170, 208 P. 435 (1922)) ("Appellant has therefore not proven by clear and satisfactory proof these assets were purchased with community funds or credit or acquired by . . . community toil or talent."); *see also Sprenger v. Sprenger*, 110 Nev. 855, 858, 878 P.2d 284, 286 (1994) ("Transmutation from separate to community property must be shown by clear and convincing evidence.").

Here, Robert brought the business into the marriage, so it is his separate property, and any increase in its value over time is also presumed to be separate. *See Smith*, 94 Nev. at 251, 578 P.2d at 320. This means Laurinda bears the burden of showing by clear and convincing evidence that a portion of any increase to his practice's value over the course of the marriage belongs to the community. The community is entitled to that portion of the property "purchased with community funds or credit or acquired by . . . community toil or talent." *Kelly*, 86 Nev. at 310, 468 P.2d at 365. Laurinda can demonstrate this by showing that Robert's active work as an attorney at the firm during the period of the marriage increased the value of the firm in some way. *See Sly v. Sly*, 100 Nev. 236, 240, 679 P.2d 1260, 1263 (1984) (citing *Ormachea v. Ormachea*, 67 Nev. 273, 297, 217 P.2d 355, 467 (1950)) (noting that "[t]he labor and skills of a spouse belong to the community"). If, on remand, Laurinda meets her burden to make such a showing, the district court must then apportion the property between separate and community interests, an undertaking Robert conceded in oral argument would likely be necessary should DLG be classified as his separate property.

Because the district court mischaracterized DLG as entirely community property, it did not determine whether Laurinda had provided clear and convincing evidence of a community share of DLG such that an

Supreme Court
of
Nevada

(0) 1947A

8

apportionment between separate and community interests of the firm would be necessary. On remand, we instruct the district court to follow *Kelly v. Kelly* and permit Laurinda to provide clear and convincing evidence, if she has such, that any part of DLG's value can be attributed to "community toil or talent" (or other community sources) and determine whether apportionment of DLG's value between separate and community interests is appropriate.

*We necessarily vacate and remand as to alimony in light of the changed community property circumstances*

"The decision of whether to award alimony is within the discretion of the district court." *Kogod v. Cioffi-Kogod*, 135 Nev. 64, 66, 439 P.3d 397, 400 (2019). The court should ultimately award such alimony "as appears just and equitable." NRS 125.150(1)(a). Central to the district court's determination to deny alimony in this case was its finding that Laurinda would be able to earn a passive income of more than $3,000 per month based on the liquid assets she received from community property. *See Kogod*, 135 Nev. at 74-75, 439 P.3d at 406 (requiring district courts to consider the passive income generation capacity from community property when awarding alimony).

As detailed, the district court must reconsider its community property determination with respect to DLG. The court will therefore need to revisit its alimony analysis following its decision as to any distribution to Laurinda for DLG's value. For that reason, we vacate and remand the district court's alimony determination for further consideration in light of the changed circumstances surrounding DLG.

## CONCLUSION

Courts must consider the totality of the circumstances when determining whether a disputed business interest represents a new

acquisition or purchase subject to the community property presumption or merely the continuation of a spouse's preexisting enterprise and thus separate property, subject to a subsequent apportionment. Under the totality of the circumstances in this case, DLG's incorporation alone does not show that it was a newly acquired community property business, and the undisputed evidence makes clear that DLG is simply a continuation of Robert's pre-marriage legal practice. Thus, DLG is Robert's separate property, though on remand Laurinda may show by clear and convincing evidence that growth in the business during the marriage is attributable to community resources and apportionment is appropriate. The district court's application of the community property presumption to DLG based solely on the fact of DLG's incorporation during the marriage was, therefore, legal error. Because the district court erred in concluding that DLG was community property and applying the community property presumption, we reverse the portion of the decree dividing DLG interests as community property. In addition, we vacate the portion of the decree denying alimony. We remand for further proceedings consistent with this opinion.

_____, C.J.
Cadish

We concur:

_____, J.
Stiglich

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

10